548 S.E.2d 223

**MICTRONICS, INC., Respondent,**

v.

**SOUTH CAROLINA DEPARTMENT OF REVENUE, Appellant.**

No. 3350.

Court of Appeals of South Carolina.

Heard April 5, 2001.

Decided June 4, 2001.

---

10. *Johnson v. Hoechst Celanese Corp.,* 317 S.C. 415, 453 S.E.2d 908 (Ct.App.1995).

General Counsel and Deputy Director Harry T. Cooper, Chief Counsel Revenue Litigation Ronald W. Urban Jr., and Counsel of Regulatory Litigation Jeffrey M. Nelson, all of Columbia, for appellant.

George J. Morris, of Charleston, for respondent.

HEARN, Chief Judge:

The South Carolina Department of Revenue (DOR) appeals an order reversing the administrative law judge's refusal to reopen Mictronics, Inc.'s case claiming a tax exemption. We affirm.

## PROCEDURAL BACKGROUND

Mictronics, Inc. (Mictronics) filed a request for a contested case hearing with the Administrative Law Judge Division (ALJD) claiming it was entitled to an exemption from the South Carolina sales and use tax. Mictronics filed a prehearing statement as directed by the administrative law judge (ALJ). On March 7, 1996, the parties were served with notice of a hearing scheduled for May 14.

Due to a conflict in his schedule, the ALJ rescheduled the hearing for May 22 by issuing an order and amended notice of hearing dated April 26. Additionally, a member of the ALJ's staff telephoned Mictronics and spoke with its president, Thomas Blocker, telling him the hearing was rescheduled. Blocker understood the hearing to be rescheduled for June 22 and made a note in his file to that effect. DOR's counsel received a similar phone call, but understood the rescheduled hearing date to be May 22.

Because of Blocker's misunderstanding about the date of the rescheduled hearing, Mictronics did not appear at the May 22 hearing. The ALJ issued an order dismissing the action with prejudice and treating Mictronics' failure to appear at the hearing as a default under Rule 23, SCRALJD. Blocker received this order of dismissal and immediately wrote the ALJ stating he had mistaken the date of the hearing. Blocker apologized for the mistake and requested the matter be re-

opened with a new hearing date. The ALJ denied this request.

Mictronics appealed the denial of the motion to reopen to the circuit court which issued an order remanding the case to the ALJD to make findings of fact and draw conclusions of law about whether Mictronics should be relieved of its default. Pursuant to the circuit court's order, a hearing was held before the ALJ. The ALJ treated Mictronics' request to reopen as a motion for reconsideration under Rule 29, SCRALJD, and concluded that Mictronics received adequate notice of the hearing and that its failure to attend could not be excused based on mistake, inadvertence, surprise, or excusable neglect.

Mictronics again appealed the ALJ's order to the circuit court which reversed the ALJ's order and remanded the matter to the ALJD for a hearing on the merits. The circuit court found the ALJ abused his discretion in applying the excusable neglect standard of Rule 60(b), SCRCP instead of the good cause standard referenced in Rule 55(c), SCRCP. This appeal follows.

## DISCUSSION

Mictronics appealed to the circuit court only from the denial of the motion to reopen, not the underlying dismissal. DOR now appeals from the circuit court's reversal of the ALJ's order, arguing the circuit court exceeded its authority in reversing the ALJ's order. We disagree.

Appeals from the ALJD must be conducted according to the South Carolina Administrative Procedures Act. *See* S.C.Code Ann. § 1–23–380 (Supp.2000). Section 1–23–380(A)(6) provides in relevant part:

The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or

*(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.* (emphasis added). An abuse of discretion occurs when a court's decision is controlled by an error of law or is without evidentiary support. *Ledford v. Pennsylvania Life Ins. Co.,* 267 S.C. 671, 675, 230 S.E.2d 900, 902 (1976).

■ The circuit court reversed the ALJ because it thought the ALJ applied the wrong standard in considering the motion to reopen. The circuit court believed the motion should be governed by Rule 55, SCRCP, rather than the more stringent standard required by Rule 60, SCRCP. We disagree.

Initially, we note the ALJD rules define default differently than the rules of civil procedure. Under Rule 23, SCRALJD, default occurs when either party fails to prosecute or defend an action. Rule 55 allows entry of default against "a party against whom a judgment for affirmative relief is sought [that] has failed to plead or otherwise defend." In this case, Mictronics was the plaintiff and not the defending party as contemplated by Rule 55. Therefore, the circuit court erred in instructing the ALJ to reconsider his order applying the good cause standard of Rule 55(c).

Although we disagree with the circuit court's logic, we agree with its result. This court may affirm for any reason appearing in the record pursuant to Rule 220(c), SCACR, and *I'On, L.L.C. v. Town of Mt. Pleasant,* 338 S.C. 406, 420, 526 S.E.2d 716, 723–24 (2000).

We find the motion to reopen falls under Rule 29(D), SCRALJD. The relevant portion of this rule reads: "Any party may move for reconsideration of a final decision of an administrative law judge in a contested case, subject to the grounds for relief set forth in Rule 60(b)(1 through 5), SCRCP...." The ALJ's order dismissing Mictronics' claim with prejudice was a final order. Thus, under the ALJD rules, it appears the only grounds for reconsideration are those contained in Rule 60(b), SCRCP.

■ No South Carolina case discusses the Rule 60(b)(1) standards as applied to Rule 29(D), SCRALJD. For that reason, we look to cases interpreting Rule 60(b) generally. Under Rule 60(b)(1), SCRCP, a party may be relieved from a final order for "mistake, inadvertence, surprise, or excusable neglect." In determining whether to grant a motion under

Rule 60(b), the trial judge should consider: (1) the promptness with which relief is sought, (2) the reasons for the failure to act promptly, (3) the existence of a meritorious defense, and (4) the prejudice to the other party. *New Hampshire Ins. Co. v. Bey Corp.*, 312 S.C. 47, 50, 435 S.E.2d 377, 379 (Ct.App. 1993) (quoting Harry M. Lightsey & James F. Flanagan, *South Carolina Civil Procedure* 82 (1985)).

 Here, Mictronics made an error with respect to the hearing date and immediately sought relief from the dismissal. In *Columbia Pools, Inc. v. Galvin*, 288 S.C. 59, 339 S.E.2d 524 (Ct.App.1986), this court found that a trial judge abused his discretion in refusing to grant a motion to set aside a default judgment granted after an answer was received one day late.[1] The court there held that "where there is a good faith mistake of fact, and, no attempt to thwart the judicial system, there is basis for relief." 288 S.C. at 61, 339 S.E.2d at 525. This is consistent with South Carolina's policy favoring the disposition of issues on their merits rather than on technicalities. *Id.; see also Balloon Plantation, Inc. v. Head Balloons, Inc.*, 303 S.C. 152, 153, 399 S.E.2d 439, 440 (Ct.App.1990) (finding sanction dismissing counterclaim too severe). We find no evidence in the record that the mistake was anything but a good faith error, as shown by Blocker's explanation coupled with his speed in asking the ALJ for relief.

 Moreover, it appears that Mictronics had a meritorious defense. To establish a meritorious defense, a party is not required to show an absolute defense. *Thompson v. Hammond*, 299 S.C. 116, 120, 382 S.E.2d 900, 903 (1989).

[A] meritorious defense need not be perfect nor one which can be guaranteed to prevail at a trial. It need be only one which is worthy of a hearing or judicial inquiry because it raises a question of law deserving of some investigation and discussion or a real controversy as to real facts arising from conflicting or doubtful evidence.

*Graham v. Town of Loris*, 272 S.C. 442, 453, 248 S.E.2d 594, 599 (1978). We find Mictronics' prehearing statement outlining its tax exemption on certain subcontracts meets the standard for a meritorious defense.

---

1. *Columbia Pools, Inc.* arose under S.C.Code Ann. § 15–27–130 (1976) which was later repealed and replaced by Rule 60, SCRCP. *See Sijon v. Green*, 289 S.C. 126, 127, 345 S.E.2d 246, 247 (1986).

It appears from the record that DOR will suffer no prejudice should this case proceed for a determination on the merits. Here, DOR has no substantial stake in this windfall, and the resolution of the case on its merits has not been substantially delayed by the parties' actions. Given Mictronics' good faith mistake, its swift action to try to remedy the situation, the existence of a meritorious defense, and the lack of prejudice to DOR, we find the ALJ abused his discretion by refusing to reopen the case. Therefore, we affirm the circuit court's order reversing the ALJ's denial of the motion to reopen and remanding the case to the ALJD for an adjudication on the merits.

**AFFIRMED.**

GOOLSBY and SHULER, JJ., concur.