THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 William S.
 Catchings, Jr., Respondent,
 v.
 South Carolina
 Department of Motor Vehicles, Appellant.
 
 
 

Appeal From Richland County
 J. Ernest Kinard, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-299
Submitted May 1, 2008  Filed June 9, 2008
AFFIRMED

 
 
 
 General Counsel Frank L. Valenta, Jr. and Deputy Chief Counsel
 Philip S. Porter, of Blythewood, for Appellant.
 Daniell S. Landers, of Lexington, for Respondent.
 
 
 

PER CURIAM: 
 This is a judicial review of an administrative action.  The circuit judge,
 after hearing the matter without a jury, issued an order rescinding the
 suspension of the drivers license of Respondent William S. Catchings, Jr.,
 directing the South Carolina Department of Motor Vehicles to refund to
 Catchings a $200.00 license reinstatement fee, and assessing attorneys fees of
 $5,065.00 against the Department.  Following the denial of its post-trial
 motions, the Department filed this appeal.  We affirm.[1]
FACTS AND PROCEDURAL HISTORY
On February 24,
 2005, Catchingss wife requested the familys insurance company to drop
 coverage on a 1987 Ford Bronco.  The insurance policy itself, however, remained
 in effect, and the Catchings continued to pay the premiums on their other
 vehicles.
On March 24, 2005,
 the Department, having been notified of the lapse in insurance coverage on the
 Bronco, sent Catchings an FR4 Notice.  In the body of the notice, the
 Department advised Catchings that it had received notice of cancellation of
 insurance on the vehicle and that he should provide proof of liability
 insurance coverage or surrender the tag and registration on the vehicle.  The
 notice further stated, Failure to comply with this notice before the
 suspension date will result in the suspension of your vehicle registration and/or drivers license.  (Emphases added.)  In the top right hand corner of the
 letter appeared the notation Date of Suspension:04/21/2005 and references to two
 sections of the South Carolina Code.
Catchings
 surrendered his registration and tag at a Department branch office on April 21,
 2005.  The Department customer service representative who waited on him
 accepted these items without incident, and Catchings was not told that he owed
 the Department any money or that his license had been or would be suspended.
On July 29, 2005,
 while driving on I-20 in Augusta, Georgia, Catchings was stopped for speeding. 
 When the apprehending officer ran a license and registration check, Catchings
 was handcuffed in front of his wife, arrested, and taken to jail for driving on
 a suspended license.  Catchings had to sit in jail until his wife located a
 bail bondsman in the middle of the night to bond him out.  The arrest was the
 first notice Catchings received of any unresolved issues regarding his drivers
 license.
The week after he
 was arrested and jailed, Catchings received a letter from the Department dated
 August 1, 2005, advising that his registration and/or driving privilege in
 this state will not be suspended but also that he had to pay a penalty of
 $200.00.  Also, on August 8, 2005, Catchingss wife checked the Department
 website to determine the status of Catchingss license and found it was listed
 as suspended as of that date.  Although Catchings retained counsel to attempt
 to resolve the matter, he eventually paid the penalty because his job involved
 driving a company van.
A few days later, Catchings received another letter from the Department.  Although this letter
 was dated August 9, 2005, it was essentially a duplicate of the letter dated
 August 1, 2005.  In addition, although Catchings never requested reinstatement
 of the registration on the Bronco, the Department sent Catchings a second
 letter, also dated August 9, 2005, indicating this relief had been granted. 
 According to yet a third letter from the Department dated August 9, 2005, the
 suspension was cleared as of that date.
Catchingss
 attorney wrote to the Department on August 23, 2005, in an effort to have the
 suspension voided.  In the letter, counsel pointed out that Catchings was never
 an uninsured driver, had never driven an uninsured vehicle, and did not receive
 notice from the Department that his drivers license had been suspended or
 definitely would be suspended.  The letter also contained a request for
 reconsideration of the Departments actions and an evidentiary hearing under
 the Administrative Procedures Act.  In the letter, counsel for Catchings
 expressed a desire to resolve the matter amicably and suggested his client
 would be willing to waive or release any claims for damages and attorneys fees
 if the suspension could be voided or rescinded and the charges for driving
 under suspension were resolved.[2] 
 The record does not indicate that the Department granted any of the requests or
 otherwise responded to the letter.  
On August 26, 2005, Catchings filed a petition for judicial review in the Court of Common Pleas for
 Richland County, the county of his residence.  In the petition, Catchings
 sought judicial review of an administrative action pursuant to South Carolina
 Code sections 1-23-380(A) and 56-1-410.  The Department filed an answer on
 October 24, 2005, essentially denying the allegations in the petition.
The matter was
 placed on the Richland County Common Pleas Non-Jury Docket for the term of
 court beginning July 31, 2006.  At the roster meeting on July 31, 2006, Catchingss attorney was present, but no one appeared on behalf of the
 Department.  The case was placed on standby status for that week pending a
 scheduling opportunity, and counsel for Catchings faxed the attorney of record
 for the Department a letter advising of this development.  In the same letter,
 counsel further advised that he requested a hearing on August 28, 2006, in case
 the matter could not be heard the week of the roster meeting.  On August 1,
 2006, a paralegal for the Department faxed a letter to the Chief Administrative
 Judge for the Fifth Judicial Circuit requesting on behalf of the attorney
 assigned to the case protection on August 1 and August 2, 2006, because of
 hearings scheduled in other locations on those days.
The
 court set the matter for a non-jury hearing to be held at 9:30 a.m. on August
 3, 2006, and on August 1, 2006, attempted to advise counsel for the Department by
 telephone of the upcoming trial.  Through miscommunication and oversight,
 however, counsel for the Department did not appear when the case was called. 
 After an unsuccessful attempt to reach counsel by telephone and a delay of
 about thirty minutes, the trial proceeded without the Departments participation.
After the trial, Catchingss attorney prepared a
 proposed order, which he mailed to the presiding judge on August 7, 2006, and a
 copy of which was also mailed to counsel for the Department.  The trial judge
 signed the order on August 14, 2006, and the clerk of court filed it on August
 21, 2006.  The Department received the final
 order on August 23, 2006.
Nothing
 more was heard from the Department until September 5, 2006, when it filed a
 motion for rehearing or, in the alternative, relief from the judgment under Rules 59 and 60(b) of the South
 Carolina Rules of Civil Procedure. 
 Catchings sent a response to the motion with a memorandum of law and an
 affidavit of counsel dated September 12, 2006.  By order dated December 11,
 2006, and filed December 13, 2006, the trial judge denied the motion, and the
 Department filed this appeal.
STANDARD OF REVIEW
Regarding the
 Departments appeal of the trial judges decision to proceed with the hearing
 in its absence and denial of its motion for rehearing or relief from judgment,
 the South Carolina Supreme Court has stated, Whether to grant or deny a motion
 under Rule 60(b) lies within the sound discretion of the judge.  BB&T
 v. Taylor, 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006).  
As
 to the merits of the appealed order, we agree with the trial judge that the
 appropriate standard of review of a drivers license suspension is set forth in
 South Carolina Code section 1-23-380(A)(5), which allows the circuit court to
 reverse the suspension if it (1) violated constitutional and statutory
 provisions; (2) exceeded the Departments statutory authority; (3) was made
 upon unlawful procedure; (4) was clearly erroneous in view of the record as a
 whole; or (5) was arbitrary and capricious, characterized by abuse of
 discretion or clearly unwarranted exercise of discretion.  S.C. Code Ann. §
 1-23-380(A)(5) (Supp. 2007).  In addition, in a judicial review of a drivers
 license suspension, the burden of proof in any such hearing shall be on the
 department.  Id. § 56-1-410 (2006).[3]
Catchings was
 awarded attorneys fees under South Carolina Code section 15-77-300, which,
 under certain conditions, allows a court to award attorneys fees in a civil
 lawsuit to any party who is contesting state action.  Id. § 15-77-300
 (2005).  Review of an award of attorneys fees pursuant to this section is
 subject to an abuse of discretion standard.  Heath v. County of Aiken, 302 S.C. 178, 182, 394 S.E.2d 709, 711 (1990).
LAW/ANALYSIS
1.  We first address the
 Departments argument that the trial judge acted improperly in hearing and
 deciding the case in the absence of the Departments counsel.  We find no abuse
 of discretion upon which to base a finding of reversible error.
In its memorandum
 of law in support of its motion for a rehearing of the case, the only argument
 the Department made regarding the trial judges decision to hear the case in
 its absence was that it was not provided appropriate notice of the hearing. 
 The facts related in support of that argument, however, evidence only internal
 communication problems within the Department itself, rather than the failure of
 the court to provide adequate notice.  A court employee telephoned the contact
 number listed on the pleadings filed by the Department to inform the
 Departments attorney that the hearing was scheduled and was directed by a
 Department employee to that attorneys cell phone number, which, apparently
 unbeknownst to the Department employee, was the number for the attorneys
 family cell phone, which he had not carried for several months after being
 issued a cell phone by the Department.  Moreover, the Department employee did
 not inquire about the specifics of the court employees telephone call and
 never informed the attorney that the court had attempted to reach him.  When
 the attorney did not appear at the hearing, the clerk of court attempted to
 reach him at the same family cell phone number provided earlier by the
 Department.  Even if the court could have communicated with the Departments
 attorney by another means, this does not excuse the Departments failure to
 monitor the progress of [its] case.  Goodson v. Am. Bankers Ins. Co. of Fla., 295 S.C. 400, 403, 368 S.E.2d 687, 689) (Ct. App. 1988).  
We agree with the
 Department that South Carolina policy favors the disposition of issues on
 their merits rather than on technicalities.  Mictronics, Inc. v. S.C. Dept
 of Revenue, 345 S.C. 506, 511, 548 S.E.2d 223, 226 (Ct. App. 2001).  We
 also agree that dismissal of a case is a harsh sanction that is generally
 resorted to only in the face of a clear record of delay or contumacious
 conduct by the plaintiff.  McComas v. Ross, 368 S.C. 59, 63, 626 S.E.2d
 902, 904 (Ct. App. 2006).  The outcome of the present case, however, was not a
 dismissal or a default judgment, but rather a decision based on the evidence
 and pleadings, including those filed by the Department.  Contrary, then, to the
 Departments suggestion that the trial judge decided against it on a
 technical ground, the case was decided on the merits after a hearing at
 which, because of mishaps for which only the Department can be held responsible,
 its attorney failed to appear.
2.  We further disagree with
 the Departments argument that the trial judge abused his discretion in
 refusing to grant its motion for rehearing or relief from judgment.  This
 argument, as presented in the Departments brief on appeal, concerns only the
 application of Rule 60(b), SCRCP, to the present case.
As noted by the
 Department, this Court, in Mictronics, Inc. v. S.C. Dept of Revenue, reviewed
 a dismissal of an appeal with prejudice by an administrative law judge after
 the appellant, because of a misunderstanding about the date of the hearing,
 failed to appear at the appointed time.  Holding among other things that the
 appellant acted promptly once becoming aware of the mistake, this Court
 reversed the administrative law judges denial of the appellants motion to
 reopen the case.  Mictronics, 345 S.C. at 511, 548 S.E.2d at 226.  
Unlike
 the appellant in Mictronics, the Department did not act diligently under
 the circumstances.  At no time did the Department inquire about the hearing,
 even after Catchingss attorney sent a proposed order.  Furthermore,
 Catchingss attorney had advised counsel for the Department that he requested
 to have the matter set for August 28, 2006, if it was not reached the week of
 the roster meeting; however, there is nothing in the record suggesting the
 Department made a prompt attempt to verify if the hearing could take place on
 that later date.  Finally, even though the Departments post-trial motion was
 sufficiently timely to be considered by the trial judge, we simply do not
 accept the Departments assertion that the filing of its motion within ten
 days of receiving notice of the Order is further evidence of its prompt
 response to its mistakes.
3.  Regarding the merits of
 the case, the Department cites numerous statutes to support its position that
 suspension of Catchingss drivers license was lawful and suggests that
 Catchings was at least partly responsible for the problems resulting from his
 suspension because he failed to present the suspension notice to the customer
 service representative who waited on him or alert that employee to the issues
 of fines or reinstatement fees.  Neither argument was raised to the trial judge
 at the hearing; moreover, the various statutes the Department cited in its
 brief on this issue were not referenced in its answer.  We therefore hold these
 arguments were not preserved for appeal and do not address them.  See Wilder
 Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the
 first time on appeal, but must have been raised to and ruled upon by the trial
 judge to be preserved for appellate review.); Hickman v. Hickman,
 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) (A party cannot use
 Rule 59(e) to present to the court an issue the party could have raised prior
 to judgment but did not.).
4.  Finally, the Department challenges
 the award of attorneys fees, arguing (1) Catchings is not entitled to attorneys
 fees even if he remains the prevailing party after this appeal; and (2) the
 fees were not reasonable.  We decline to disturb the attorneys fee award.  
Catchingss
 attorney presented his fee affidavit at trial, and it was incumbent on the
 Department to present its objections to the affidavit at that time.  See Taylor v. Medenica, 324 S.C. 200, 212, 479 S.E.2d 35, 41 (1996)
 (holding a party could not raise an issue on appeal because it failed to make
 an appropriate objection at trial).  Furthermore, although the Department moved
 for rehearing and relief from the judgment, it raised only the issue of whether
 the court had provided appropriate notice of the hearing.  Because the trial
 judge was never presented with any objections from the Department concerning
 the award of attorneys fees, we hold any arguments concerning this issue were
 not preserved for appellate review.
AFFIRMED.
WILLIAMS,
 THOMAS, and PIEPER, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]  Although Catchings paid a fine for speeding, the
 charges for driving under suspension were nol prossed after counsel sent the
 letter.
[3]  We are aware that the South Carolina General
 Assembly repealed this section in 2006.  2006 S.C. Acts 381 § 11, at 2935.  The
 repeal, however, was accompanied by a savings clause, which provided as
 follows:

 After
 the effective date of this act, all laws repealed or amended by this act must
 be taken and treated as remaining in full force and effect for the purpose of sustaining
 any pending or vested right, civil action, special proceeding, criminal
 prosecution, or appeal existing as of the effective date of this act, and for
 the enforcement of rights, duties, penalties, forfeitures, and liabilities as
 they stood under the repealed or amended laws.

Id. § 13, at 2938.