665 S.E.2d 216

**William and Elena TOBIAS, Respondents,**

**v.**

**Ruby RICE, Appellant.**

**No. 4411.**

Court of Appeals of South Carolina.

June 10, 2008.

Heard March 6, 2008.

Filed June 10, 2008.

Rehearing Denied Aug. 26, 2008.

Michael F. Talley, of Greenville, for Appellant.

Adam Fisher, Jr., of Greenville, for Respondents.

PIEPER, J.

Ruby Rice (Rice) appeals the circuit court's order denying her motion to alter, amend, or vacate the judgment against

her. Rice also appeals the entry of judgment in favor of William and Elena Tobias (William and Elena). We affirm.

## FACTS

William and Elena filed the underlying complaint in this case on May 7, 2004. In their complaint, they allege the following four causes of action: (1) breach of contract; (2) conversion; (3) unjust enrichment; and (4) specific performance. The allegations arose from two lease agreements and an alleged oral purchase contract between William and Elena and Rice for a number of residential apartments in two separate apartment buildings in Greenville, S.C., one on Haughty Court and one on Summit Place. The lease agreements were structured such that William and Elena would be responsible for maintaining the apartments, collecting rent, finding tenants, and generally managing the properties in return for below market value rental payments for those properties. These lease agreements allowed William and Elena to sublet the apartments for a greater amount of rent than they were obligated to pay Rice, thereby creating a profit margin. In addition, William and Elena allege that they had an oral option to purchase the above-referenced properties from Rice for a purchase price of $144,000.00 for the Haughty Court property and $288,000.00 for the Summit Place property.

William and Elena further assert that Rice violated her duties under the contracts by unilaterally cancelling the lease agreements and excluding William and Elena from these rental properties once they had successfully subleased each of the individual units to tenants. They claim that in reliance on their option to purchase the buildings, they expended some $68,000.00 in improving the properties. In order to be compensated, William and Elena also seek specific performance on the oral option contract.

In her answer, Rice admits the existence of one of the lease agreements, but specifically denies the existence of any lease agreement on the Summit place property or the existence of any option or purchase agreement on either property. Furthermore, Rice alleges that William and Elena defaulted under

the lease provisions and were excluded properly from the properties pursuant to magistrate court procedures.

The procedural history of this case is important since it is the foundation of the motion to vacate and/or set aside the judgment. Following the May 7, 2004, filing of the complaint, Rice hired attorney Rodman Tullis to represent her. Communication problems existed from the outset of their attorney-client relationship and as a result, both Rice and her counsel filed a separate answer and counterclaim on Rice's behalf on August 3, 2004. However, throughout these proceedings, Mr. Tullis was listed as Rice's attorney of record with the clerk of court.

William and Elena's trial counsel, Randall Hiller, Esquire, indicated to the court that in order to obtain discovery, multiple unsuccessful attempts were made to contact attorney Tullis. As a result, he filed a motion to compel which was granted by the Honorable D. Garrison Hill by order dated April 26, 2005. Judge Hill's order indicates that neither Rice nor her counsel appeared at the motion hearing. Judge Hill further found the record reflected that interrogatories were served and had gone unanswered. He then ordered Rice to respond to discovery requests within thirty (30) days from the date of service of that order, and in the event of noncompliance, Rice's answer and counterclaim would be dismissed with prejudice. Judge Hill, aware of potential communication problems between Rice and her attorney, directed attorney Hiller to serve a copy of his order on both attorney Tullis and Rice individually.

Rice was served with that order in June 2005; since she was unable to get in touch with Mr. Tullis, Rice contacted attorney J. Patricia Anderson, Esquire, who called attorney Hiller's office requesting a thirty day extension to answer the complaint. Attorney Hiller ultimately denied the request pursuant to a facsimile letter advising Anderson that the relevant deadline pertained to discovery responses and that he was unwilling to grant an extension to that deadline. Due to the denial of the extension, Anderson did not become Rice's counsel of record. There was no further communication from Anderson to attorney Hiller, nor from any other attorney representing Rice.

The case then appeared on the Greenville County non-jury docket for the week of November 7, 2005, with a mandatory roster meeting scheduled that same day before the Honorable John C. Few. Attorney Hiller appeared on behalf of William and Elena but no one was present for Rice. The matter was set to be tried the following day.

The trial took place on November 8, 2005, at which time Judge Few was made aware of the inattentive manner in which attorney Tullis had represented his client in these proceedings. However, the trial commenced in Rice's absence. Judgment was entered by order dated November 24, 2005, wherein William and Elena were granted judgment in the amount of $211,700.00 with interest thereon at 8.75% from April, 2004, to the date of the order and at the judgment rate thereafter. Judge Few further ordered Rice to attend a closing for the sale of the two above-referenced properties to William and Elena for a total sales price of $432,000.00, from which William and Elena would be entitled to offset against the purchase price the amount of the judgment obtained.

Rice was served with Judge Few's order on December 1, 2005, and filed a motion to reconsider claiming that her attorney was disbarred and failed to inform her of the commencement of the trial proceedings. She hired Michael Talley to represent her. Attorney Talley filed a motion to vacate and/or set aside the judgment on January 20, 2006. Judge Few entertained Mr. Talley's motion (not the pro se motion) to vacate at a hearing on January 3, 2007, and denied that motion by form order the same day. Rice now appeals the trial court's denial of the motion to vacate and/or set aside the judgment against her.

## STANDARD OF REVIEW

Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the judge. *Raby Constr., L.L.P. v. Orr*, 358 S.C. 10, 17–18, 594 S.E.2d 478, 482 (2004). An appellate court's standard of review, therefore, is limited to determining whether there was an abuse of discretion. *Id.* Relief under Rule 60(b)(1), SCRCP, lies within the sound discretion of the trial judge and will not be reversed on appeal absent an abuse of discretion. *Paul Davis Sys., Inc. v.*

*Deepwater of Hilton Head, LLC,* 362 S.C. 220, 225, 607 S.E.2d 358, 360 (Ct.App.2004). An abuse of discretion arises where the order was controlled by an error of law or where the order is based on factual conclusions that are without evidentiary support. *Tri–County Ice & Fuel Co. v. Palmetto Ice Co.,* 303 S.C. 237, 242, 399 S.E.2d 779, 782 (1990).

## ANALYSIS

Rice's first three issues on appeal pertain to issues of notice and depend on whether there was a default judgment damages hearing or a trial. Each of Rice's first three grounds for appeal attempt to place some affirmative duty on William and Elena to give Rice notice of the trial. Pursuant to Rule 55(b), SCRCP, a party seeking a default judgment not involving liquidated damages must provide three days notice to the opposing side; however, this requirement would only be applicable in the case at hand if William and Elena actually sought a default judgment.

A similar situation was dealt with by this court in *Goodson v. Am. Bankers Ins. Co. of Fla.,* 295 S.C. 400, 368 S.E.2d 687 (1988). In the concurrence portion of Judge Cureton's opinion in *Goodson,* he articulately points out that the defendant was not in default for failing to appear at trial when it had filed an answer, where there had been no application for default, and where default had not been entered by the clerk. *Id.* at 403, 368 S.E.2d at 690. Recently, this court again relying on similar logic reached the same conclusion. In *RRR, Inc. v. Toggas,* 378 S.C. 174, 662 S.E.2d 438 (2008) (Shearouse Adv. Sh. No. 16 at 97), this court held that where the plaintiff did not seek or file for a default judgment but instead proceeded to a judgment on the merits, the notice prescribed in Rule 55(b)(2) is inapplicable.

In the case herein, Rice had answered and filed a counterclaim; no application for default was ever made, and no default was ever entered by the clerk. While Rice argues that Judge Hill's order states that the failure to answer interrogatories will result in her answer and counterclaim being dismissed with prejudice, that order was not automatically effective and there was never a motion made to enforce that order. We cannot assume an order of the type at issue would be

automatically effective when the court would only be aware of
the failure to comply with the order pursuant to some applica-
tion by the movant to enforce that order. Absent any such
motion to enforce the court's order, compliance is presumed
under these circumstances. Accordingly, not only was Rice's
answer and counterclaim not dismissed, it was referred to and
considered by the judge at trial. Therefore, this court will not
treat the trial as a default judgment hearing; as a result, the
notice provision in Rule 55(b)(2) is inapplicable.

■ Despite the fact that Rice's primary argument on
appeal is that William and Elena should have provided her
notice, we do find the overall situation troubling, especially as
it pertains to the adequacy of trial notice given to Rice. As
evidenced by the record, Rice's counsel of record, Mr. Tullis,
was mailed and faxed notice of the mandatory roster meeting,
thereby providing adequate notice of trial. On the other hand,
it is undisputed that Mr. Tullis was providing inadequate
representation to Rice throughout the circuit court proceed-
ings. Mr. Tullis had some disciplinary history which ultimate-
ly culminated in his disbarment in 2007 and included a suspen-
sion in 2005 for failure to comply with CLE requirements and
failure to pay bar dues.[1]

■ The general rule is that the neglect of an attorney
will be imputed to the client preventing the client from using
the attorney's neglect as a ground for relief in a later motion
to vacate. *Mitchell Supply Co. v. Gaffney*, 297 S.C. 160, 163–
64, 375 S.E.2d 321, 323 (Ct.App.1988). However, "this is not a
hard and fast rule. Rather, it is one that is 'to be applied
rationally, with a fair recognition that justice to the litigants is
always the polestar.'" *Brown v. Butler*, 347 S.C. 259, 554
S.E.2d 431 (2001) (quoting 7A C.J.S. *Attorney & Client* § 181,
at 284 (1980)). Furthermore, this general rule is not always
applicable when the attorney's neglect rises to the level of
willful abandonment. *Graham v. Town of Loris*, 272 S.C. 442,
452, 248 S.E.2d 594, 599 (1978); *see also* 7A C.J.S. *Attorney &
Client* § 181, at 285 (1980) (where the conduct of counsel is
outrageously in violation of his implicit duty to devote reason-

---

1. *See In the Matter of Rodman C. Tullis,* 375 S.C. 190, 652 S.E.2d 395
(2007) (Shearouse Adv. Sh. No. 36 at 15).

able efforts in representing his client, his acts will not always be imputed to his client).

Notwithstanding, Rice did not move to vacate the judgment based on excusable neglect by arguing that the negligence of her counsel should not be imputed to her due to his willful abandonment of her case, nor does she attempt to raise this ground on appeal. While arguably one could assert that this ground was raised in Rice's pro se motion to reconsider, that motion was never ruled on by the trial court and the issue was never raised on appeal. In order for an issue to be properly presented for appeal, Rice's brief must set forth the issue in the statement of issues on appeal. *See* Rule 208(b)(1)(B), SCACR; *Silvester v. Spring Valley Country Club*, 344 S.C. 280, 285, 543 S.E.2d 563, 566 (Ct.App.2001). Further, it is error for the appellate court to consider issues not properly raised to it. *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (stating appellant must provide authority and supporting arguments for his issue to be considered raised on appeal). Accordingly, we may not consider this issue.

As to the excusable neglect of Rice, the decision of the trial court is supported by the fact that Rice was on notice of the problems she was facing with her counsel of record in June 2005 at the latest, when she was served with Judge Hill's order. While she attempted to obtain new counsel at one point, she was unsuccessful and made no further attempts despite knowing that the failure to answer the interrogatories would result in the dismissal of her answer and counterclaim with prejudice. For almost six months she never contacted the clerk to ensure that she was served with all relevant notices, never obtained new counsel, nor moved to relieve counsel. We do not find an abuse of the trial judge's discretion in his apparent reliance on the proposition that "a party has a duty to monitor the progress of his case." *Hill v. Dotts*, 345 S.C. 304, 310, 547 S.E.2d 894, 897 (Ct.App.2001) quoting *Goodson v. Am. Bankers Ins. Co.*, 295 S.C. 400, 403, 368 S.E.2d 687, 689 (Ct.App.1988). Rice was aware of her dire legal situation for at least six months, and we find no abuse of discretion in refusing to grant her relief based on her own negligence as opposed to excusable neglect for her attorney's negligence, which has not been raised on appeal.

Rice also asserts the trial court should have set aside its judgment because the grant of specific performance absent a written contract violates the statute of frauds. This issue was not raised at trial and was only raised to the trial judge in the context of a meritorious defense, one of the factors considered by the trial court when ruling on a Rule 60, SCRCP motion. *See Hill*, 345 S.C. at 309, 547 S.E.2d at 897. Therefore, it is only proper for this court to consider this issue in that context.

A court may relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect. Rule 60(b)(1), SCRCP. In determining whether a default judgment should be set aside under Rule 60(b)(1), "[t]he promptness with which relief is sought, the reasons for the failure to act promptly, the existence of [a] meritorious defense, and the prejudice to the other parties are relevant." *N.H. Ins. Co. v. Bey Corp.*, 312 S.C. 47, 50, 435 S.E.2d 377, 379 (Ct.App.1993) (quoting Harry M. Lightsey & James F. Flanagan, *South Carolina Civil Procedure* 82 (1985)). The alleged violation of the statute of frauds, if true, would amount to a mistake of law, not a mistake of fact. Accordingly, the issue is not persuasive since a party may not generally use Rule 60(b)(1) as a vehicle for relief from a mistake of law. *Hillman v. Pinion*, 347 S.C. 253, 256, 554 S.E.2d 427, 429 (Ct.App. 2001); *see also Binkley v. Rabon Creek Watershed Conserv.*, 348 S.C. 58, 76 n. 37, 558 S.E.2d 902, 911 n. 37 (2001) (Relief from a judgment under Rule 60 is not a substitute for appeal). While we may not agree with the trial judge's rulings on the application of the law at trial, because we find no abuse of discretion by the trial court as to excusable neglect, the mere allegation that the trial judge made a mistake of law on the merits is not properly presented for the first time in a Rule 60 motion and is insufficient by itself as presented to warrant reversal. Since this appeal is postured on grounds solely related to the denial of the Rule 60 motion, as opposed to a direct appeal of the rulings outside of the Rule 60 context, we find no reversible error.[2]

---

2. This case has a somewhat strained procedural history. Rice actually filed a pro se notice of appeal in 2005 with the court of common pleas. However, that notice was not filed with the court of appeals. Therefore, a direct review on the merits of the trial has not been preserved. After Judge Few denied the Rule 60 motion, Rice's counsel filed a

## CONCLUSION

For the foregoing reasons, the order of the circuit court is **AFFIRMED.**

HEARN, C.J., and CURETON, A.J., concur.

---

timely notice of appeal in January 2007 relating solely to the Rule 60 denial. Accordingly, our review is limited solely to the Rule 60 proceeding.