681 S.E.2d 914

**Barney W. WILLIAMS, Respondent,**

v.

**Jurmie Eugene "Bucky" WATKINS, Jr., Appellant.**

**No. 4590.**

Court of Appeals of South Carolina.

Heard June 10, 2009.
Decided July 13, 2009.

320

Franklin Beattie, Jr., and G. Turner Perrow, both of Georgetown, for Appellant.

David Cornwell Holler, of Sumter, for Respondent.

WILLIAMS, J.

Jurmie Eugene "Bucky" Watkins, Jr., appeals the circuit court's order affirming the Sumter County Magistrate Court's (the magistrate court) denial of Watkins' request for relief pursuant to Rule 60(b)(1), SCRCP. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

Barney Williams and Watkins entered into a verbal contract for Watkins to supply, install, refinish, and stain wood flooring for Williams' home in Sumter County. The total charge for the refinishing and staining was $7,891.25. Watkins assured Williams he would "stand by his work" and take any necessary steps to correct any problems that might occur. However, when Williams noticed the floors were bubbling, cracking, and peeling, he contacted Watkins about the problems, and Watkins told him to contact Sherwin Williams in order to get any relief.[1] Williams filed suit against Watkins in the magistrate court.

Both parties received a roster from the magistrate court stating a docket meeting would be held on August 11, 2005. The roster stated a jury for the case would be selected on October 7, 2005, and the trial would be held on October 14, 2005. The roster also stated, "All parties not represented by lawyers must appear in person.... Failure to appear at the docket meeting or jury selection may result in dismissal of the case. Please notify this court if you [are] unable to appear at any of the above scheduled dates."

The docket meeting was held on August 11, and Watkins, who was not represented by counsel, attended the meeting. At the docket meeting, both parties were again given notice the case was scheduled for trial on October 14, 2005, with jury

---

1. Watkins purchased the finishing and staining materials from Sherwin Williams, and Williams originally named the company as a defendant. Sherwin Williams was later dismissed because of Williams' failure to serve the company.

selection occurring on October 7, 2005. Despite this notice, Watkins failed to appear at jury selection on October 7, but a jury was selected in his absence.

Watkins called the magistrate court the morning of October 7, while jury selection was taking place, and left a voicemail message stating he had a conflict with the October 14 trial date because he was scheduled for a criminal trial in George-town County the week of October 10–15.

Watkins failed to leave a return telephone number on his message and did not receive a follow-up telephone call from the magistrate court. A few days later, however, Watkins received a new roster (the December roster) from the magis-trate court dated October 4, 2005, stating his case was sched-uled for the December term of court. Thus, Watkins believed his case had been continued, and he did not appear at the magistrate court on October 14.

The case was not continued, however, and the case proceed-ed in Watkins' absence. Upon Williams' request, Watkins' answer and request for a jury trial were struck, and a bench trial ensued. Williams prevailed, and damages in the amount of $7,500 were assessed against Watkins.

■ Watkins appealed the magistrate court's judgment un-der Rule 60(b)(1), SCRCP, to the circuit court.[2] At the hearing, Watkins brought the December roster to the circuit court's attention. Specifically, Watkins argued he was entitled to relief because he relied upon the roster he received from the magistrate court subsequent to his telephone call to the magistrate court regarding his conflict with the October 14 trial date. The circuit court sent the matter back to the magistrate court for reconsideration in light of the December roster and other additional evidence pertaining to Watkins' Georgetown criminal trial. The magistrate court considered the new evidence but affirmed the previous judgment and

---

2. Although Watkins did not specifically state Rule 60(b)(1), SCRCP, as the basis of his appeal, the magistrate court found Watkins' appeal "was made in accordance with Rule 60(b)(1), SCRCP." This finding was never appealed and, thus, is the law of the case. *See ML–Lee Acquisition Fund, L.P. v. Deloitte & Touche,* 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997) (stating an unappealed ruling is the law of the case and should not be reconsidered by the Court of Appeals).

denied Watkins relief under Rule 60(b)(1), SCRCP. Watkins appealed to the circuit court, and the circuit court affirmed. This appeal followed.

## STANDARD OF REVIEW

"Relief under Rule 60(b)(1), SCRCP, lies within the sound discretion of the [circuit court] and will not be reversed on appeal absent an abuse of discretion." *Tobias v. Rice,* 379 S.C. 357, 362–63, 665 S.E.2d 216, 219 (Ct.App.2008). An abuse of discretion arises where the judgment is controlled by an error of law or is based on factual conclusions that are without evidentiary support. *Id.* at 363, 665 S.E.2d at 219.

## LAW/ANALYSIS

Watkins argues the circuit court erred in failing to find the magistrate court abused its discretion by refusing to grant his request for relief from the final judgment. We agree.

Pursuant to Rule 60(b)(1), SCRCP,[3] a court may relieve a party of a final judgment for mistake, inadvertence, surprise, or excusable neglect. "This rule is an appropriate remedy for good faith mistakes of fact if all other applicable factors are met." *Hillman v. Pinion,* 347 S.C. 253, 256, 554 S.E.2d 427, 429 (Ct.App.2001).

When determining whether to grant relief, the factors to consider are: (1) the timing of the motion for relief, (2) whether the party requesting relief has a meritorious defense, and (3) the degree of prejudice to the opposing party if relief is granted. *BB & T v. Taylor,* 369 S.C. 548, 553 n. 1, 633 S.E.2d 501, 503 n. 1 (2006) (citations omitted); *Wham v. Shearson Lehman Bros., Inc.,* 298 S.C. 462, 465, 381 S.E.2d 499, 501–02 (Ct.App.1989).

In order to gain relief under Rule 60(b)(1), SCRCP, a party must first show a good faith mistake of fact has been made, and in the present case, we find Watkins has made that showing. Watkins failed to appear on the date of trial because of his good faith reliance on the December roster sent to him

---

3. Rule 12(b), SCMCR, allows a magistrate court to provide relief from a final judgment under the same conditions.

by the magistrate court. When a court sends a litigant notice of his or her term of court, that litigant is bound by the notice and held accountable if he or she fails to appear. *See State v. Goode,* 299 S.C. 479, 482, 385 S.E.2d 844, 845–46 (1989) ("General notice given by courts of general session as to which term an individual will be tried in, is sufficient to enable that individual to effectively waive his right to be present."); *Ellis v. State,* 267 S.C. 257, 261, 227 S.E.2d 304, 306 (1976) (finding a defendant bound by the notice of the term of court which the court provided); *Tobias,* 379 S.C. at 364, 665 S.E.2d at 220 (stating the party's attorney "was mailed and faxed notice of the mandatory roster meeting, thereby providing adequate notice of trial"); *City of Aiken v. David Michael Koontz,* 368 S.C. 542, 547, 629 S.E.2d 686, 689 (Ct.App.2006) (finding the defendant was bound by the notice of the term of court sent to him by the court). This notion, however, logically implies litigants are also entitled to rely on the notice of their term of court sent to them by the court.

We acknowledge that Watkins did not act in the most prudent or procedurally correct manner when notifying the magistrate court of his conflict and requesting a continuance. Watkins did, however, do exactly what the magistrate court's notice told him to do, i.e., *"notify* [the magistrate] court if [he was] unable to appear...." (emphasis added). Further, despite Watkins' deficiencies, the magistrate court sent Watkins a roster stating his case would be heard in the December term of court. The magistrate court did not send Watkins any notice of either his request for a continuance being denied or his case being dismissed, as was the stated consequence for failing to appear at the docket meeting or jury selection. The only information Watkins received informed him his case would be heard the week of December 12–16, 2005, and this information was received after he left his voicemail message but prior to his trial date. Although it is unclear who authorized the rescheduling, the magistrate court was nonetheless directly involved in what appeared to be a granting of the continuance.

Consequently, Watkins had every reason to believe his case had been continued and that he did not need to appear in the magistrate court on October 14. We find Watkins relied in

good faith on the December roster sent to him by the magistrate court.

As to the timing of the motion for relief, a party is required to make the motion "within a reasonable time, and ... not more than one year after the judgment ... was entered...." Rule 60(b), SCRCP. Watkins sought relief as soon as he discovered the trial had taken place in his absence and a judgment had been entered against him. The bench trial took place on October 14, 2005, and a judgment was issued on October 19, 2005. The magistrate court received Watkins' "Notice of Appeal" on November 21, 2005. Thus, Watkins made his motion within the allotted time period.

With respect to the meritorious defense factor, the record contains evidence Watkins made a prima facie showing of a meritorious defense to Williams' claims. To establish a meritorious defense, the party does not have to show he would prevail on the merits. *McClurg v. Deaton*, 380 S.C. 563, 575, 671 S.E.2d 87, 93–94 (Ct.App.2008). Rather, a meritorious defense "need be only one which is worthy of a hearing or judicial inquiry because it raises a question of law deserving of some investigation and discussion or a real controversy as to real facts arising from conflicting or doubtful evidence." *Id.* at 575, 671 S.E.2d at 94 (quotations and citations omitted).

Williams' initial action claimed Watkins breached the parties' contract by incorrectly applying the finishing and staining materials to the floor; breached implied warranties of the contract when installing, finishing, and staining the floors; and performed negligent and reckless work when finishing and staining the floors. Williams also claimed Sherwin Williams breached the implied warranty of merchantability by supplying Watkins with finishing and staining materials that were defective and inferior. Watkins' reply, which was struck by the magistrate court upon Watkins' failure to appear, denied all of the allegations but stated Sherwin Williams breached its implied warranty of merchantability. An issue exists as to whether Watkins' work was the cause of the problems or whether the materials Watkins was supplied with were the actual cause of the problems. Accordingly, we find this matter is worthy of a hearing, and while we do not make any judgment as to whether Watkins will prevail on the merits, we

find Watkins presented a prima facie showing of a meritorious defense.

■ Finally, we find the degree of prejudice Williams will suffer if relief is granted is not so high as to outweigh the other factors, and we note "the law favors the resolution of disputes based upon all parties having their day in court." *Id.* at 580, 671 S.E.2d at 96 (Hearn, C.J., dissenting). Williams was on notice of Watkins' denial of the allegations and was therefore on notice to gather evidence against Watkins, which he presented to the magistrate court. Williams was also on immediate notice of Watkins' appeal of the magistrate court's judgment, putting him on notice to preserve and maintain that evidence. Thus, we see little prejudice in requiring Williams to proceed with a trial on the merits.

Given Watkins' good faith reliance on the December roster, his swift action to try to remedy the situation following a trial in his absence, his showing of a meritorious defense, and the lack of prejudice to Williams, we find the magistrate court abused its discretion in denying Watkins' request for relief from the final judgment. *See Mictronics, Inc. v. S.C. Dep't of Revenue,* 345 S.C. 506, 512, 548 S.E.2d 223, 226 (Ct.App.2001) ("Given [plaintiff's] good faith mistake, its swift action to try to remedy the situation, the existence of a meritorious defense, and the lack of prejudice to [the defendant], we find the [Administrative Law Judge] abused his discretion by refusing to reopen the case."). We, therefore, find the circuit court erred in not finding the magistrate court abused its discretion in denying Watkins' motion for relief. We reverse the circuit court's order and remand the case to the magistrate court for a new trial on the merits.

Due to our disposition of this issue, we need not address the other issues raised on appeal. *See Melton v. Olenik,* 379 S.C. 45, 56, 664 S.E.2d 487, 493 (Ct.App.2008) (stating when determination of an issue is dispositive, other issues need not be addressed).

## CONCLUSION

Based on the foregoing, the circuit court's order is **REVERSED and REMANDED.**

SHORT and LOCKEMY, JJ., concur.