**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ronald Fitzjohn, Appellant,

v.

Gary Player a/k/a Gerald Player, Respondent.

Appellate Case No. 2009-135646

———————

Appeal From Horry County
Steven H. John, Circuit Court Judge

———————

Unpublished Opinion No2012-UP-383
Heard November 1, 2011 – Filed June 20, 2012

———————

**AFFIRMED**

———————

John Judson Hearn, of Rogers Townsend & Thomas,
P.C., of Columbia, for Appellant.

Julie Jeffords Moose and David Richard Sligh, both of
Turner Padget Graham & Laney, P.A., of Florence, for
Respondent.

———————

**PER CURIAM:** Ronald Fitzjohn appeals the circuit court's denial of his Rule 60(b), SCRCP, motion, arguing the circuit court erred in finding a two-year limitation period barred his action. We affirm.

**FACTS**

After the previous owner of real property (the Property) defaulted on a mortgage loan and failed to pay property taxes, the lender and the Horry County Delinquent Tax Collector (Tax Collector) commenced separate collection proceedings. In November of 2003 Gary Player, a/k/a Gerald Player, purchased the Property at a tax sale. Three months later, Ronald Fitzjohn purchased the Property from the lender following a foreclosure sale.

Five years after the tax sale, Fitzjohn filed an action against Player to set aside the tax sale for alleged defects in the tax sale proceedings. On March 20, 2009, the circuit court dismissed the complaint. Fitzjohn did not appeal the dismissal. Instead, on April 14, 2009, Fitzjohn filed a "Motion to Alter or Amend," citing to Rule 60, SCRCP.[1] In his motion, Fitzjohn renewed his objection to the circuit court's decision to convert Player's motion to dismiss to a motion for summary judgment. He also argued the circuit court erred in applying section 12-51-90(C) to the facts of his case, because the two-year statute of limitations would have expired in November 2005, prior to the enactment of section 12-51-90(C) in 2006. On July 9, 2009, the circuit court found Fitzjohn properly brought his motion under Rule 60(b). Nonetheless, the circuit court denied relief because the motion "failed to state any claim for relief pursuant to Rule 60." As to the retroactive application of section 12-51-90(C), the circuit court found that the adoption of section 12-51-90(C) did not modify and, in fact, was consistent with the existing two-year statute of limitations as set forth in section 12-51-160.

On August 3, 2009, Fitzjohn filed his Notice of Appeal from the July 9, 2009 order. His sole issue on appeal is whether the circuit court erred in "holding that the two year statute of limitations period under S.C. Code Ann. § 12-51-160(C) [sic] and S.C. Code Ann. § 12-51-90(C) acted to bar the Fitzjohn action where the true owner was not named in the tax sale action." His arguments under that issue point to purported defects in the tax sale proceedings. According to Fitzjohn, the Tax Collector's failure to notify remainderman Terry Andrew Lewis of the tax sale rendered Player's tax title to the Property void.

---

[1] Motions to alter or amend typically fall under Rule 59(e), SCRCP, and must be filed within ten days from the date the movant receives notice of the judgment. Motions pursuant to Rule 60, which are subject to less stringent filing deadlines, are usually designated as motions for relief from judgment.

**STANDARD OF REVIEW**

"Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion" of the circuit court. *Raby Constr., L.L.P. v. Orr*, 358 S.C. 10, 17-18, 594 S.E.2d 478, 482 (2004). An appellate court reviews such a decision for an abuse of discretion. *Id.* at 18, 594 S.E.2d at 482.

**LAW/ANALYSIS**

We affirm because Fitzjohn's arguments on appeal are not properly before this court. A trial court's finding that a motion is made under Rule 60(b) becomes the law of the case if not appealed. *Williams v. Watkins*, 384 S.C. 319, 323 n.2, 681 S.E.2d 914, 916 n.2 (Ct. App. 2009). The law is clear that the filing of a Rule 60 motion does not stay the time for filing an appeal. *Stearns Bank Nat'l Ass'n v. Glenwood Falls, LP*, 375 S.C. 423, 426, 653 S.E.2d 274, 275 (2007); *see also Williams v. Condon*, 347 S.C. 227, 251, 553 S.E.2d 496, 509 (Ct. App. 2001) (Shuler, J., dissenting) (recognizing "motions made pursuant to Rule 60, SCRCP do not affect the finality of the judgment under attack and thus do not toll the time for appeal").

Fitzjohn did not appeal the March 20, 2009 order, which decided the issue of alleged defects in the tax sale proceedings. Accordingly, that order is now the law of the case. *See Williams*, 384 S.C. at 323 n.2, 681 S.E.2d at 916 n.2. Moreover, although Fitzjohn timely appealed the July 9, 2009 order, his argument on appeal does not challenge the findings of fact or conclusions of law contained within that order.[2] As a result, that order, too, is the law of the case. *See Judy v. Martin*, 381 S.C. 455, 458-59, 674 S.E.2d 151, 153 (2009) (holding an unappealed ruling is the law of the case and may not be reviewed on appeal).

The sole error Fitzjohn argues in this appeal is that the circuit court erred in failing to find the tax sale was defective and the tax deed void because the Tax Collector

---

[2] Although Fitzjohn included a copy of the formal order with his Notice of Appeal, only the Form 4 order reflecting the denial of his motion appears in the record on appeal.

failed to give proper notice to the remainderman.[3] This ruling is contained in the March 20, 2009 order and, therefore, is not properly before this court on appeal.

**AFFIRMED.**

**FEW, C.J., THOMAS, J., and CURETON, A.J., concur.**

---

[3] Without ruling on the merits of Fitzjohn's argument, we observe South Carolina law permits taxes to be assessed only against the current possessory interest. S.C. Code Ann. §§ 12-37-610, -740(1) (2000 & Supp. 2011); *see also Stamper v. Avant*, 233 S.C. 359, 367, 104 S.E.2d 565, 570 (1958) ("The duty is on the life tenant to pay taxes and the interests of remaindermen are not affected by reason of the failure of the life tenant so to do, and no taxes may be assessed against the interests of remaindermen during the existence of the life estate, the reason being that the legislature supposed the value of the life estate would be sufficient to satisfy the taxes and it was the intention under our statute to protect the rights of remaindermen and not allow them to be sacrificed where no necessity therefor exists." (quoting *Campbell v. Williams*, 171 S.C. 279, 288, 172 S.E. 142, 145 (1933))). At the time of the listing, Terry L. Lewis held a life estate in the Property. Consequently, the tax sale did not affect Terry Andrew's remainder interest.