**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Horance Grant, Respondent,

v.

Omaro Goodwin, Appellant,

Marjorie Grant, Respondent,

v.

Omaro Goodwin, Appellant.

Appellate Case No. 2010-173587

———————————

Appeal From Richland County
James R. Barber, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-402
Heard June 21, 2012 – Filed July 11, 2012

———————————

**REVERSED**

———————————

J. Kennedy DuBose, Jr., and Jonathan M. Robinson, both of DuBose-Robinson, PC, of Camden, for Appellant.

Hammond A. Beale, Jr., of Columbia, for Respondents.

———————————

**PER CURIAM:**  This appeal arises from the circuit court's order affirming the magistrate court's finding that Appellant Omaro Goodwin was properly served pursuant to Rule 4, SCRCP, and denying his motion to set aside the default judgment pursuant to Rule 60(b), SCRCP.  We reverse.

1.      As to Goodwin's Rule 60(b), SCRCP motion, we find the magistrate's court abused its discretion by declining to set aside the default judgment because the record establishes that Goodwin promptly filed his motion, presented a valid excuse as to why no answer was filed, and submitted an affidavit describing a meritorious defense.  *See Roberson v. S. Fin. of S.C., Inc.*, 365 S.C. 6, 9, 615 S.E.2d 112, 114 (2005) (noting a trial court's decision as to whether to set aside default judgment will not be disturbed on appeal absent a clear showing of an abuse of discretion); *Mictronics, Inc. v. S.C. Dep't of Revenue*, 345 S.C. 506, 510-11, 548 S.E.2d 223, 226 (Ct. App. 2001) ("In determining whether to grant a motion under Rule 60(b), the trial judge should consider: (1) the promptness with which relief is sought, (2) the reasons for the failure to act promptly, (3) the existence of a meritorious defense, and (4) the prejudice to the other party."); *id.* at 511, 548 S.E.2d at 226 ("To establish a meritorious defense, a party is not required to show an absolute defense.").  Moreover, the record indicates negotiations were ongoing between State Farm and Grant's counsel, including State Farm's request of a copy of any summons and complaint filed.  *See McClurg v. Deaton*, 380 S.C. 563, 571, 671 S.E.2d 87, 92 (Ct. App. 2008) ("[A]n insurer may, under the proper circumstances, be entitled to an order setting aside a default judgment where the insurer is involved in ongoing negotiations with a claimant but is not informed that the defendant has been served with a summons and complaint." (*citing Edwards v. Ferguson*, 254 S.C. 278, 175 S.E.2d 224 (1970))); *see generally Mictronics*, 345 S.C. at 511, 548 S.E.2d at 226 (noting South Carolina's policy of favoring the disposition of issues on their merits rather than on technicalities).

2.      As to whether the circuit court erred in affirming the magistrate court's finding of proper service, we decline to address this issue.  *See Young v. Charleston Cnty. Sch. Dist.*, 397 S.C. 303, 311, 725 S.E.2d 107, 111 (2012) (declining to address additional remaining issues when disposition of prior issue is dispositive of appeal).

**REVERSED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**