**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carolina Auto Credit/Colleen Bartona, Appellant,

v.

Nadira Jackson, Respondent.

Appellate Case No. 2020-001706

Appeal From Greenville County
Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No. 2023-UP-111
Submitted February 1, 2023 – Filed March 22, 2023

**AFFIRMED**

Daniel Joseph Farnsworth, Jr., of Farnsworth Law Offices, LLC, of Greenville, for Appellant.

Nadira Jackson, of Columbia, pro se.

**PER CURIAM:** Carolina Auto Credit/Colleen Bartona (Carolina Auto) appeals the circuit court's order affirming the magistrate's refusal to set aside the default judgment it entered for Nadira Jackson. On appeal, Carolina Auto argues it was entitled to relief under Rule 60(b) of the South Carolina Rules of Civil Procedure. We hold the circuit court did not err in affirming the magistrate's ruling because Carolina Auto was unable to make a prima facie showing of a meritorious defense.

Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *See BB & T v. Taylor,* 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006) ("Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the [court]."); Rule 60(b)(1), SCRCP ("On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect"); *Williams v. Watkins*, 384 S.C. 319, 324, 681 S.E.2d 914, 917 (Ct. App. 2009) ("In order to gain relief under Rule 60(b)(1), SCRCP, a party must first show a good faith mistake of fact has been made . . . ."); *Rouvet v. Rouvet*, 388 S.C. 301, 309, 696 S.E.2d 204, 208 (Ct. App. 2010) ("In determining whether to grant relief under Rule 60(b)(1), the court must consider the following factors: '(1) the promptness with which relief is sought; (2) the reasons for the failure to act promptly; (3) the existence of a meritorious defense; and (4) the prejudice to the other party.'" (quoting *Mictronics, Inc. v. S.C. Dep't of Revenue*, 345 S.C. 506, 510-11, 548 S.E.2d 223, 226 (Ct. App. 2001))); *McClurg v. Deaton*, 395 S.C. 85, 86-87, 716 S.E.2d 887, 887-88 (2011) ("A meritorious defense is necessary in order for a judgment to be set aside under Rule 60(b).").

**AFFIRMED.**[1]

**WILLIAMS, C.J., GEATHERS, J., and HILL, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.