688 S.E.2d 552

**William and Elena TOBIAS, Respondents,**

v.

**Ruby RICE, Petitioner.**

**No. 26761.**

Supreme Court of South Carolina.

Heard Nov. 5, 2009.

Decided Jan. 19, 2010.

Rehearing Denied Feb. 19, 2010.

J. Falkner Wilkes, of Greenville, for Petitioner.

Adam Fisher, Jr., of Greenville, for Respondents.

Justice WALLER.

We granted a writ of certiorari to review the Court of Appeals' opinion in *Tobias v. Rice*, 379 S.C. 357, 665 S.E.2d 216 (Ct.App.2008). The Court of Appeals affirmed a circuit court order refusing to set aside a $211,000 judgment entered against Petitioner, Ruby Rice. We reverse.

## FACTS

William and Elena Tobias (the Tobiases) filed suit alleging they had contracted with Rice in May 2001 to lease a number of residential apartment units in Greenville. Pursuant to the lease, the Tobiases were to manage and maintain the apartments and, in exchange, they were authorized to sublet them at a higher rate than they paid to Rice, keeping the profit. According to their complaint, the Tobiases subsequently orally contracted with Rice to purchase the units in two separate buildings, for a total purchase price of $432,000.00. However, on April 1, 2004, Rice reclaimed possession of the apartments and caused trespass warrants to be issued against the Tobiases. Rice also directed the tenants to make all future payments directly to her. The Tobiases filed this suit alleging breach of contract, unjust enrichment, and conversion; they sought specific performance to enforce the alleged oral contract.

Rice hired attorney Rodman Tullis to defend her. Tullis filed an answer and counterclaim on her behalf. When Tullis did not reply to discovery requests, the Tobiases filed motions to compel. A hearing was held before Judge Hill on April 14, 2005, at which neither Tullis nor Rice appeared. Judge Hill issued an order compelling discovery; upon being advised that the Tobiases had been unable to contact attorney Tullis, the court required the Tobiases to serve both Tullis and Rice with the order. Judge Hill ordered Rice to respond to discovery within thirty days or her answer and counterclaim would be stricken. However, her answer was not stricken in compliance with this order, and the Tobiases did not seek a default judgment on this basis.

Unbeknownst to Rice at this time, and presumably to the Tobiases and their attorney as well, on April 12, 2005, attorney Tullis was suspended from the practice of law by this Court prior to the Tobiases' motion to compel discovery. *See* Order, Shearouse Adv. Sh. No. 17 (filed April 12, 2005).[1] Unfortunately, however, Rice had no means of knowing of the suspen-

---

1. Tullis was suspended for failing to comply with the mandatory reporting requirements of SCACR Rule 419(b). Tullis was subsequently disbarred. *In re Tullis,* 375 S.C. 190, 191, 652 S.E.2d 395, 395 (2007).

sion, and Tullis was prohibited thereby from taking any action on her behalf.

After being served with Judge Hill's order, Rice attempted, to no avail, to contact attorney Tullis. Unable to reach Tullis, Rice contacted another attorney, Patricia Anderson who, on June 6, 2005, requested a thirty day extension to answer the complaint. The Tobiases' attorney denied the request, advising the time to answer had lapsed. Anderson took no further action on Rice's behalf.

On October 24, 2005, a Non–Jury Trial Notice was sent **to Tullis** advising the case was set to be called for trial the week of November 7, 2005. When the original notice was returned by the U.S. Postal Service, the Tobiases faxed and re-mailed the notice **to Tullis** on Nov. 2, 2005. No notice of the hearing was sent to Rice personally, and it is undisputed Rice never received any notice of the final hearing, which was held on November 8, 2005 before Judge Few.

At the November 8, 2005 hearing, neither Tullis nor Rice appeared. After Mr. Tobiases' very brief testimony, the trial judge held Rice in breach of the lease agreements and ordered judgment against her in the amount of $211,700.00. The court also ordered specific performance, requiring Rice to sell the two properties to the Tobiases for the agreed upon sales price of $432,000.00.[2] Counsel for the Tobiases served the final order of judgment on both Tullis and Rice.

Rice filed a *pro se* motion to reconsider on December 9, 2005, contending attorney Tullis failed to advise her of the November 8, 2005 hearing date and that she should be afforded an opportunity to be heard. Thereafter, on January 26, 2006, attorney Michael Talley filed, on Rice's behalf, a Motion to Vacate and/or Set Aside the Judgment pursuant to Rule 55(c) and Rule 60(b). Judge Few denied attorney Talley's motion in a form order dated January 11, 2007; the court did not rule on Rice's *pro se* motion to reconsider. The Court of Appeals affirmed the trial court's order.

---

2. The sales price was to be offset by the Tobiases' judgment against Rice.

## ISSUE

Did the Court of Appeals err in affirming the trial court's denial of Rice's post-trial motions to set aside the judgment?

## DISCUSSION

■ The Court of Appeals found that because Rice had been personally served with Judge Hill's April 2005 order requiring her to comply with discovery, she had a duty to monitor the proceedings such that there was no excusable neglect which would warrant setting aside the judgment.[3] The Court of Appeals noted:

> We do find the overall situation troubling, especially as it pertains to the adequacy of trial notice given to Rice. As evidenced by the record, Rice's counsel of record, Mr. Tullis, was mailed and faxed notice of the mandatory roster meeting, thereby providing adequate notice of trial. On the other hand, **it is undisputed that Mr. Tullis was providing inadequate representation to Rice throughout the circuit court proceedings.** Mr. Tullis had some disciplinary history which ultimately culminated in his disbarment in 2007 and included a suspension in 2005 for failure to comply with CLE requirements and failure to pay bar dues.

379 S.C. at 364, 665 S.E.2d at 220. (emphasis supplied). The Court of Appeals nonetheless went on to hold:

> [T]he decision of the trial court is supported by the fact that Rice was on notice of the problems she was facing with her counsel of record in June 2005 at the latest, when she was served with Judge Hill's order ... For almost six months she never contacted the clerk to ensure that she was served with all relevant notices, never obtained new counsel, nor moved to relieve counsel.

*Id.* at 365, 665 S.E.2d at 221. We find the Court of Appeals placed an undue burden upon Rice. Rice repeatedly attempted to contact Tullis who, unbeknownst to her, was suspended.

---

3. *See* Rule 60(B), SCRCP (to warrant relief from judgment, Rule 60(b), SCRCP requires a particularized showing of mistake, inadvertence, excusable neglect, surprise, newly discovered evidence, fraud, misrepresentation, or other misconduct of an adverse party). *Sundown Operating Co., Inc. v. Intedge Industries, Inc.,* 383 S.C. 601, 681 S.E.2d 885 (2009).

When she received the order from Judge Hill, she again attempted to contact Tullis. Receiving no answer, she attempted to hire a new attorney. She received no further communication until such time as she was served with the order issuing judgment against her.

Because of Tullis' suspension, Rice found herself in a classic *Catch –22* [4] situation which she could find no redress. When she filed a *pro se* motion to reconsider the judgment, alleging Tullis' had abandoned her, the trial court declined to rule on it, treating her as though she were represented by counsel. The Court of Appeals, however, treated her as a *pro se* litigant, with a duty to monitor her own proceedings.

If, as found by the trial court, Rice was represented by counsel, then counsel was required to notify her of the date and time of the hearing and, contrary to the Court of Appeals' opinion, it was not incumbent upon Rice to monitor the status of her proceedings. [5]

If, on the other hand, as implied by the Court of Appeals, Rice was deemed *pro se* by her attorney's suspension, then she was entitled to due process and notice of the final hearing. Accordingly, absent notice of the proceedings, Rice is entitled to relief from judgment. *Accord Moore v. Moore*, 376 S.C. 467, 657 S.E.2d 743 (2008) (procedural due process requires (1) adequate notice; (2) adequate opportunity for a hearing; (3) the right to introduce evidence; and (4) the right to confront and cross-examine witnesses). We reverse the Court of Appeals' opinion, set aside the judgment, and remand the matter to the trial court for further proceedings consistent with this opinion.

### REVERSED AND REMANDED.

4. Joseph Heller, *Catch –22* (1961).

5. The Court of Appeals relied upon *Hill v. Dotts*, 345 S.C. 304, 310, 547 S.E.2d 894, 897 (Ct.App.2001), for the proposition that a party has a duty to monitor the progress of his case. However, *Hill* involved a *pro se* litigant, not one who was represented by counsel. Further, the rule that an attorney's negligence may be imputed to his client and prevent the latter from relying on that ground for opening or vacating a judgment does not prevail where, as here, the attorney abandons or withdraws from the case. *Graham v. Town of Loris*, 272 S.C. 442, 248 S.E.2d 594 (1978), citing 46 Am.Jur.2d *Judgments* § 737 (1969).

BEATTY, J., and Acting Justice JAMES E. MOORE, concur.

PLEICONES, J., concurring in a separate opinion.

KITTREDGE, J., dissenting in a separate opinion.

Justice PLEICONES, concurring.

I concur in the result reached by the majority because I find that Rice, as a *pro se* litigant, was entitled to notice of the November 8, 2005 hearing. From the moment that attorney Tullis was suspended by this Court, Rice acted *pro se.*[6] *See* Rule 30(a), Rules for Lawyer Disciplinary Enforcement, Rule 413, South Carolina Appellate Court Rules (recognizing a suspended lawyer's "inability to act as an attorney"). As a *pro se* litigant, Rice was entitled by procedural due process to notice of the November 8, 2005 hearing before Judge Few. *See Moore v. Moore,* 376 S.C. 467, 657 S.E.2d 743 (2008). Rice argued in both her Motion for Reconsideration and appellate briefs that she was personally entitled to notice based on due process. Rice was not afforded such notice and, consequently, the Court of Appeals erred in affirming the trial court's denial of the Motion for Reconsideration. Because Rice was not represented by Tullis at the time notice was provided by the Respondents, I would find the discussion in the Court of Appeals opinion as to whether Tullis's negligence should be imputed to Rice irrelevant.[7] Accordingly, I concur in the result reached by the majority.

Justice KITTREDGE, dissenting.

I respectfully dissent. The majority relies on an unpreserved issue to reverse the court of appeals. As noted by the court of appeals:

Notwithstanding, Rice did not move to vacate the judgment based on excusable neglect by arguing that the negligence of her counsel should not be imputed to her due to his willful abandonment of her case, nor does she attempt to

---

6. This Court may take judicial notice of the fact that Tullis remained suspended until he was disbarred in 2007.

7. Moreover, in my view, Tullis's actions in this matter go well beyond mere negligence.

raise this ground on appeal. While arguably one could assert that this ground was raised in Rice's pro se motion to reconsider, that motion was never ruled on by the trial court and the issue was never raised on appeal. In order for an issue to be properly presented for appeal, Rice's brief must set forth the issue in the statement of issues on appeal. *See* Rule 208(b)(1)(B), SCACR; *Silvester v. Spring Valley Country Club,* 344 S.C. 280, 285, 543 S.E.2d 563, 566 (Ct. App.2001). Further, it is error for the appellate court to consider issues not properly raised to it. *First Sav. Bank v. McLean,* 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (stating appellant must provide authority and supporting arguments for his issue to be considered raised on appeal). Accordingly, we may not consider this issue.

*Tobias v. Rice,* 379 S.C. 357, 365, 665 S.E.2d 216, 220 (Ct.App. 2008).

I vote to affirm the court of appeals.