696 S.E.2d 204

**Linda ROUVET, Appellant,**

v.

**Bernard–Steven C. ROUVET, Respondent.**

**No. 4701.**

Court of Appeals of South Carolina.

Submitted April 1, 2010.

Decided June 22, 2010.

302

James Frederick Berl of Hilton Head Island, for Appellant.

Bernard–Steven C. Rouvet, pro se, for Respondent.

PIEPER, J.

This appeal arises out of the denial of a Rule 60, SCRCP, motion for relief from judgment made by Appellant Linda Rouvet (Wife). Before the issuance of the judgment, Wife's attorney was suspended from the practice of law and Wife was evaluated for competency. We reverse and remand.[1]

## BACKGROUND

Respondent Bernard–Steven C. Rouvet (Husband) and Wife were divorced in 1992; pursuant to an agreement incorporated into the divorce decree, Husband was required to provide health insurance for the parties' minor son. After issuance of the decree, Husband lost his job and consequently lost the insurance he had been providing for his son. The Clerk of Court issued a Rule to Show Cause in September 2002, based on Wife's pro se affidavit, and scheduled a hearing in November 2002. Wife did not appear at that hearing, although she did ask the Clerk to issue a second Rule to Show Cause on the same date of the hearing, based on a second pro se affidavit. In February 2003, the Honorable Jane D. Fender issued an order requiring Husband's attorney, Douglas W. MacNeille (MacNeille), and Wife to get together to discuss medical bills. Judge Fender also found Husband owed Wife one-half of all medical bills.

In April 2003, the Honorable Robert S. Armstrong heard arguments from the parties on Wife's third Rule to Show Cause. Attorney Robert L. Gailliard (Gailliard) made his first appearance on Wife's behalf and MacNeille represented Husband. Judge Armstrong issued an amended order in August 2003, finding Judge Fender had already ordered Husband to pay one-half of the medical expenses. The court further found Husband in contempt and ordered him to provide proof of insurance for the parties' son and to pay or make arrangements to pay the outstanding medical bills. Finally, the court

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

directed Wife to execute a release so that Husband could communicate with medical providers regarding the child's medical conditions.

Thereafter, Wife's fourth Rule to Show Cause alleged Husband should be held in contempt for failure to comply with the prior orders of Judge Fender and Judge Armstrong. Judge Fender presided over the fourth Rule to Show Cause. Gailliard represented to the court that Wife was asking for reimbursement for the child's medical expenses, insurance premiums and deductibles, and attorney's fees. In response, MacNeille argued that some of the expenses Wife claimed had been paid by insurance and that she was not entitled to reimbursement for those amounts. MacNeille also claimed Wife owed Husband her share of the premium on the insurance obtained by Husband. Without taking testimony from either party or allowing the parties to present evidence, the judge ordered the parties to figure out how much each party owed to the other and to pay it within thirty days.

Judge Fender signed an order on March 2, 2004, declining to hold Husband in contempt (March Order). Judge Fender further ordered Gailliard and MacNeille to meet within thirty days to attempt to resolve the dispute; otherwise, each attorney was directed to submit a proposed order. Judge Fender retained jurisdiction, concluding that the matter would be rescheduled for a final hearing in the event the parties were unable to reach an agreement.

Gailliard faxed a letter to MacNeille in May 2004, asking for $12,834.85 for medical expenses incurred for the parties' son between 1993 and 2003. Gailliard enclosed a list of expenses incurred, along with Husband's portion of the expenses owed. On October 1, 2004, Wife sent a letter to Judge Fender, asking the court to intervene and to compel both attorneys to comply with the March Order. On December 17, 2004, MacNeille sent a letter and proposed order to Judge Fender. On January 5, 2005, Judge Fender signed Husband's proposed order, attaching nine exhibits, as a supplemental order (Supplemental Order) to the March Order. Wife did not appeal the Supplemental Order.

In the interim between the issuance of the March 2004 Order and the January 2005 Supplemental Order, several

things occurred that are significant to the litigation. First, on October 25, 2004, Dr. L. Randolph Waid, a clinical psychologist at the Medical University of South Carolina, signed an affidavit, based in part upon a forensic evaluation by Dr. Pamela M. Crawford on January 15, 2004, regarding Wife's competency. Additionally, on November 24, 2004, a guardian ad litem was appointed to represent Wife in an unrelated civil case in circuit court in Charleston County.

Moreover, on October 27, 2004, between the issuance of the March Order and the Supplemental Order, Gailliard was first placed on an interim suspension and then placed on an indefinite suspension in January 2005;[2] as a result, another attorney was appointed to assume responsibility for Gailliard's files. After the February 2004 hearing before Judge Fender, Wife filed a new summons and complaint seeking increased child support. On December 7, 2004, approximately one month before the issuance of the Supplemental Order, the family court continued a hearing in the child support matter, specifying that the reason for the continuance was Gailliard's suspension. The record does not indicate whether Husband or MacNeille knew about the continuance in the other case. However, ten days after the continuance, MacNeille mailed a proposed order to Judge Fender with a copy to Gailliard. Wife was not copied on MacNeille's correspondence with the family court.

In March 2005, two months after the issuance of the Supplemental Order and a little less than six months after Wife's attorney had been suspended from the practice of law, Wife filed a pro se motion to appoint a guardian ad litem to protect her interests. In April 2005, Judge Fender heard Wife's pro se motion as well as Husband's motion to terminate child support. Wife filed an amended affidavit on the day of the hearing. Judge Fender denied Wife's motion, holding the family court was without jurisdiction to appoint a guardian because "jurisdiction properly lies with the Probate Court in the county where the party resides." Further, Judge Fender encouraged Wife to obtain legal representation. The order also continued Husband's motion for thirty days. Wife filed a

---

2. Gailliard was conditionally reinstated to the practice of law by order of the supreme court dated June 9, 2010.

lengthy pro se motion, asking the court to reconsider its denial of her motion for the appointment of a guardian ad litem; however, the record does not indicate any disposition of this motion.

Judge Armstrong presided over the hearing on Husband's previously continued motion to terminate child support. Wife renewed her request to be appointed a guardian ad litem. Judge Armstrong specifically directed the Clerk of Court to appoint an attorney to appear on behalf of Wife and to act as her guardian ad litem. Subsequently, attorney Jaye Jones Elliott (Elliott), appointed as counsel and guardian ad litem for Wife, appeared at a hearing regarding Wife's competency. Judge Armstrong found Wife was not competent to represent her own interests, basing his finding on arguments of counsel and the affidavits from Dr. Waid and Dr. Crawford.

Elliott filed a Rule 60 motion for relief from judgment on Wife's behalf. Elliott also filed a motion seeking the disqualification or recusal of Judge Fender, alleging that Judge Fender had represented Wife's estranged brother and his spouse when Judge Fender was in private practice. Further, Wife alleged Judge Fender had shown prejudice and/or bias against Wife, which allegedly resulted in decisions or statements that were not based upon information learned from Judge Fender's participation in the case. Judge Fender issued an order recusing herself from the case, but leaving all prior orders in effect.

Both parties were represented by counsel at the hearing on Wife's Rule 60 motion. Judge Armstrong specifically found Wife had not shown fraud upon the court pursuant to Rule 60(b) so as to warrant granting Wife relief from the Supplemental Order. Wife timely filed a Rule 59(e), SCRCP, motion to alter or amend the order denying relief from judgment and argued the family court failed to consider circumstances warranting relief under Rule 60(b)(1), including excusable neglect, and erred by relying solely on fraud under Rule 60(b)(3). Judge Armstrong denied the motion to alter or amend. This appeal followed.

## ISSUES ON APPEAL

Wife argues the family court erred in denying her Rule 60 motion and her Rule 59 motion to alter or amend because:

(1) The Supplemental Order contains findings and/or conclusions that are false, misleading, and/or have no evidentiary support;

(2) The actions of preparing, submitting, and/or executing the supplemental order resulted in findings and/or conclusions that nullify, void, and/or violate previous findings and/or conclusions of the family court;

(3) The Supplemental Order resulted from an alleged ex parte communication between the family court and Husband's counsel;

(4) At the time the Supplemental Order was executed and filed, Wife was not competent and without legal counsel and/or a guardian ad litem to adequately protect her interests;

(5) The Supplemental Order contains an improper award of attorney's fees and costs in Husband's favor; and

(6) The totality of the circumstances shows a pattern of fraud, mistake, misrepresentation, misconduct, inadvertence, surprise, and/or excusable neglect.

## STANDARD OF REVIEW

■ The decision to grant or deny a motion made pursuant to Rule 60(b) is within the sound discretion of the trial judge. *BB & T v. Taylor,* 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006). The appellate standard of review is limited to determining whether there was an abuse of discretion. *Id.* at 551, 633 S.E.2d at 502–03. An abuse of discretion occurs when the order of the court is controlled by an error of law or where the order is based on factual findings that are without evidentiary support. *Gainey v. Gainey,* 382 S.C. 414, 423, 675 S.E.2d 792, 797 (Ct.App.2009).

## ANALYSIS

■ Wife argues she is entitled to relief from the Supplemental Order because she was not competent and she did not have either an attorney or a guardian ad litem to adequately protect her interests at the time the order was filed. We agree.

Rule 60(b) of the South Carolina Rules of Civil Procedure sets forth the circumstances where a party may obtain relief from a final judgment, order, or proceeding:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.**  On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud, misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

Rule 60(b), SCRCP (emphasis in original).

"The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle her to relief." *BB & T,* 369 S.C. at 552, 633 S.E.2d at 503.  In determining whether to grant relief under Rule 60(b)(1), the court must consider the following factors: "(1) the promptness with which relief is sought; (2) the reasons for the failure to act promptly; (3) the existence of a meritorious defense; and (4) the prejudice to the other party." *Mictronics, Inc. v. S.C. Dep't of Revenue,* 345 S.C. 506, 510–11, 548 S.E.2d 223, 226 (Ct.App.2001).  As to the first factor, we agree with the finding of the family court that Wife's motion for relief was timely made because it was filed within one year of the Supplemental Order.

As to the second factor, we must evaluate the reasons for Wife's failure to act promptly.  Wife asserts she is entitled to relief because her attorney was suspended at the time of the issuance of the Supplemental Order.  Generally, "the neglect of the attorney is the neglect of the client, and

... no mistake, inadvertence, or neglect attributable to the attorney can be successfully used as a ground for relief, unless it would have been excusable if attributable to the client.'" *Stearns Bank Nat'l Ass'n v. Glenwood Falls, LP,* 373 S.C. 331, 342, 644 S.E.2d 793, 798 (Ct.App.2007) (quoting *Simon v. Flowers,* 231 S.C. 545, 551, 99 S.E.2d 391, 394 (1957)). In addition, lack of familiarity with legal proceedings is not an acceptable excuse and the court will hold a layman to the same standard as an attorney. *Hill v. Dotts,* 345 S.C. 304, 310, 547 S.E.2d 894, 897 (Ct.App.2001). Nonetheless, " '[t]he rule that an attorney's negligence may be imputed to his client and prevent the latter from relying on that ground for opening or vacating a judgment does not necessarily prevail in the event of the attorney's abandonment or withdrawal from the case.'" *Graham v. Town of Loris,* 272 S.C. 442, 452, 248 S.E.2d 594, 599 (1978) (quoting 46 Am.Jur.2d *Judgments* § 737 (1969)).

In *Stearns,* the court of appeals found when "an attorney's conduct transcends mere neglect and the party seeking relief establishes willful abandonment or withdrawal from the case, relief from judgment is available." *Stearns,* 373 S.C. at 342–43, 644 S.E.2d at 799. It is undisputed that Gailliard was suspended from the practice of law on October 27, 2004. Nearly two months later, Husband's attorney, MacNeille, mailed a proposed order to Judge Fender, which he copied to Gailliard but not to Wife, before the court issued the Supplemental Order. Because Wife's attorney was suspended from the practice of law at the time the Supplemental Order was issued, Wife was representing herself from the date of the suspension of her counsel. *See Tobias v. Rice,* 386 S.C. 306, 312, 688 S.E.2d 552, 554–55 (2010) (Pleicones, J., concurring) (noting that from the moment a litigant's attorney is suspended from the practice of law, that litigant acts pro se).

In *Tobias,* the supreme court set aside a judgment after finding the movant was entitled to due process and had not received notice of the proceeding because she represented herself after the suspension of her attorney. *Id.* at 311, 688 S.E.2d at 554. Similarly, in the present case, Wife did not receive any communication from either Husband's attorney, or the court, from the March 2004 hearing until the date she received a copy of the Supplemental Order in January 2005. Additionally, Wife attempted to obtain some relief when she

sent a letter to Judge Fender, asking the court to force the attorneys to comply with the March Order, but never received a reply. Wife did not file a motion to alter or amend the Supplemental Order or take any other action to contest the findings in Husband's proposed order until she was appointed counsel due to competency concerns.

Rule 17(c), SCRCP, provides for the appointment of a guardian ad litem to sue or defend on behalf of a person who is incompetent.

> Whenever a minor or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the minor or incompetent person. If a minor or incompetent person does not have a duly appointed representative he may sue by his next friend or by guardian ad litem. The court shall appoint a guardian ad litem for a minor or incompetent person not otherwise represented in an action or shall make such order as it deems proper for the protection of the minor or incompetent person.

Rule 17(c), SCRCP. This rule retains the principal provisions of repealed section 15–5–310 of the South Carolina Code. Rule 17(c), SCRCP Note.

The burden of proving mental incompetency is upon the one seeking to establish it. *Rogers v. Nation*, 284 S.C. 330, 335, 326 S.E.2d 182, 185 (Ct.App.1985). Where a court adjudicates the rights of a person who is not mentally competent without appointing a guardian ad litem, any judgment rendered by the court adverse to the person who is not competent is defective. *S.C. Dep't of Soc. Servs. v. McDow*, 276 S.C. 509, 511, 280 S.E.2d 208, 209 (1981) (based on S.C.Code Ann. § 15–5–310 (repealed)). Before divesting a person who is not competent of any rights, a court must proceed in strict compliance with the law. *Id.* In *McDow*, the supreme court remanded for a determination of whether McDow was sufficiently competent to proceed without the appointment of a guardian ad litem, after raising the issue of competency *ex mero motu* based on evidence in the record on appeal. *Id.*

Here, Dr. Pamela Crawford evaluated Wife in January 2004 as part of a criminal action against Wife. Dr. Crawford

specifically found Wife was not capable of assisting counsel in her defense, noting in her opinion it was unlikely that Wife could be restored to competency. Likewise, in October 2004, Dr. Randolph Waid found Wife's disruptive psychiatric symptomatology and neurocognitive impairments rendered her unable to manage her property and affairs effectively, such that she was in need of protection. Although these psychiatric evaluations were not presented at the time the Supplemental Order was entered, Wife at this time was incompetent to manage her affairs and her attorney was incapable of managing her affairs due to his suspension. Because Wife's attorney had been suspended, and because Wife was not competent to represent herself, the family court abused its discretion by relying solely on the failure to demonstrate fraud, and thus erred in not excusing Wife's failure to act when this information was presented at the Rule 60 hearing.

Consequently, as to the third factor, we find Wife raised a meritorious defense to the judgment based on her incompetency and the suspension of her attorney. *See id.* (holding that where a court adjudicates the rights of an unrepresented person who is not competent, any judgment rendered therein is defective). "A meritorious defense need not be perfect nor one which can be guaranteed to prevail at a trial." *Graham*, 272 S.C. at 453, 248 S.E.2d at 599. Wife did not have notice of Husband's proposed order because it was mailed to her former attorney. Although Judge Fender may not have been aware of the suspension and Wife's new pro se status, the judge's awareness of this fact would not change the nature of the communication and lack of notice to Wife.

Due to that lack of notice, Wife was unable to present a defense to or contest the findings in the Supplemental Order.[3] Wife did not have an opportunity to present evidence and testimony to refute the findings of fact in the Supplemental Order, as a hearing was not held. Wife was deprived of the opportunity to cross-examine Husband's witnesses and object

---

3. The law distinguishes trial errors, which occur during the presentation of a case and may be quantitatively assessed in the context of other evidence, from structural defects, which affect the conduct of the trial from beginning to end. *LaSalle Bank Nat'l Ass'n v. Davidson*, 386 S.C. 276, 280, 688 S.E.2d 121, 123 (2009). We find both types of errors or defects present in this case.

to the sufficiency of any evidence relied upon by the family court in issuing its order. Accordingly, due to her incompetency, lack of notice and hearing, and lack of a guardian, we find Wife is entitled to relief from judgment.[4] *See Tobias,* 386 S.C. at 311, 688 S.E.2d at 554 ("Accordingly, absent notice of the proceedings [the movant] is entitled to relief from judgment."); *see also Moore v. Moore,* 376 S.C. 467, 473, 657 S.E.2d 743, 746 (2008) (quoting *Clear Channel Outdoor v. City of Myrtle Beach,* 372 S.C. 230, 235, 642 S.E.2d 565, 567 (2007)) ("Procedural 'due process requires (1) adequate notice; (2) adequate opportunity for a hearing; (3) the right to introduce evidence; and (4) the right to confront and cross-examine witnesses.' ").[5]

## CONCLUSION

We find the family court erred in finding only fraud would entitle Wife to relief. Based on the fact that Wife was not competent to safeguard her interests after the suspension of her attorney, and based on the lack of notice to Wife and the failure to hold an evidentiary hearing on the fourth Rule to Show Cause before the Supplemental Order was issued, we find Wife is entitled to relief from judgment. Therefore, the order of the family court is hereby

**REVERSED and REMANDED.**[6]

GEATHERS, J., and CURETON, A.J., concur.

---

4. As to the fourth factor, we conclude Husband has not demonstrated any prejudice that he may suffer if the Supplemental Order is vacated and remanded for a hearing. Husband, who is representing himself on appeal, submitted a brief that consists of a paragraph by paragraph denial of the statements in Wife's appellate brief. Unlike Wife, Husband has not asserted any reason why he should not be held to the same standard as an attorney in presenting his arguments on appeal. *See Hill,* 345 S.C. at 310, 547 S.E.2d at 897 (concluding failure to understand the legal process is not excusable neglect).

5. Because Judge Armstrong previously determined Wife was not competent to represent her own interests, we need not remand for a competency determination as the court did in *McDow.*

6. Because we find Wife should be granted relief from judgment due to excusable neglect, we need not address Wife's other grounds for relief. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613,

518 S.E.2d 591, 598 (1999) (noting an appellate court need not address the remaining issues on appeal when the disposition of a prior issue is dispositive).