**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Mitchell Kenneth Koosa,        Respondent,

v.

Jean Marie Garrido Koosa,        Appellant.

———————

Appeal From Lexington County
Deborah Neese, Family Court Judge

———————

Unpublished Opinion No. 2012-UP-366
Submitted June 1, 2012 – Filed June 20, 2012

———————

**AFFIRMED**

———————

Jean P. Derrick, of Lexington, for Appellant.

David E. Belding, of Columbia, for Respondent.

**PER CURIAM:** Jean Marie Garrido Koosa (Wife) appeals the family court's final order approving her settlement agreement with Mitchell Kenneth

Koosa and the family court's order denying her motion to alter or amend and vacate the final order. On appeal, Wife argues the family court erred in (1) failing to vacate the final order because the Guardian ad Litem (GAL) was never activated and (2) failing to vacate the order pursuant to Rule 60, SCRCP. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.      As to whether the family court erred in failing to vacate the final order because the GAL was never activated: <u>Shirley v. Shirley</u>, 342 S.C. 324, 340, 536 S.E.2d 427, 435 (Ct. App. 2000) (holding the extent to which a GAL is permitted to testify and give an opinion or recommendation in a child custody case is left to the sound discretion of the family court).

2.      As to whether the family court erred in failing to vacate the order pursuant to Rule 60, SCRCP: <u>Gainey v. Gainey</u>, 382 S.C. 414, 423, 675 S.E.2d 792, 796-97 (Ct. App. 2009) ("The decision to grant or deny a motion under Rule 60(b) is within the sound discretion of the [family] court. Therefore, the decision can be reversed only if the family court abused its discretion." (citation and quotation marks omitted)); <u>Rouvet v. Rouvet</u>, 388 S.C. 301, 309-10, 696 S.E.2d 204, 208 (Ct. App. 2010) ("Generally, the neglect of the attorney is the neglect of the client, and . . . no mistake, inadvertence, or neglect attributable to the attorney can be successfully used as a ground for relief, unless it would have been excusable if attributable to the client." (quotation marks omitted)).

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.