765 S.E.2d 4

**Chico BELL, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**Appellate Case No. 2011–201106.**

**No. 5277.**

Court of Appeals of South Carolina.

Heard Sept. 8, 2014.
Decided Nov. 5, 2014.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant

Attorney General Megan E. Harrigan, all of Columbia, for Petitioner.

Appellate Defender Susan Barber Hackett, of Columbia, for Respondent.

SHORT, J.

In this post-conviction relief (PCR) action, we affirm the PCR court's order granting Chico Bell's application for relief.

**FACTS**

Following a Richland County jury trial, Bell was convicted of armed robbery and sentenced to twenty years of imprisonment. Bell filed a direct appeal, which this court affirmed. *See State v. Bell,* Op. No.2009–UP–027, 2009 WL 9524574 (S.C. Ct.App. filed Jan. 13, 2009). Bell subsequently filed an application for PCR, which the PCR court granted. This court granted the State's petition for a writ of certiorari on the issue of whether the PCR court erred in finding trial counsel was ineffective for failing to communicate a ten-year plea offer to Bell.[1] We affirm.

At the PCR hearing, Bell testified he first learned of the State's plea offer "during the sentencing part of the process[,]" and the plea offer was "something about ten years." Bell stated no one with the public defender's office told him about the ten-year plea offer prior to the verdict. Bell testified he would have taken the plea offer if he had known about it. Additionally, Bell asserted if the State offered him the ten-year deal again, he would take it.

Also at the PCR hearing, Bell's trial counsel testified she was appointed to represent Bell after he filed a grievance against his prior counsel. Trial counsel stated Bell's case was transferred to her, and "it was handled in-house." She explained that while she worked for the public defender's office, the attorneys maintained their own files. When a file was

---

1. This court also granted the State's petition on the issue of whether Bell suffered prejudice from counsel's failure to communicate the plea offer because Bell received a fair trial. Citing the United States Supreme Court's opinions in *Missouri v. Frye,* —— U.S. ——, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), and *Lafler v. Cooper,* —— U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), the State abandoned this issue in its brief.

transferred, the new attorney would receive the file and all of the previous attorney's notes. Trial counsel testified Bell's counsel included a note "from before [she] got the file," which was written by prior counsel. In describing the note, trial counsel explained,

It's very distinct. That [prior counsel] talked to the assistant solicitor, ... and they had a discussion about a couple of things, and in one of them [the solicitor] made an offer of ten years. There's nothing in writing from [the solicitor]. There's no document. There's just a note in here that ... he made an offer of ten years.

Trial counsel testified nothing in the file indicated the offer was extended to Bell. Trial counsel stated that when she first met with Bell, she did not have the file with her. Trial counsel explained that during her last meeting with Bell, they discussed the evidence, and her notes indicated Bell did not want to plead guilty. The State conceded an offer was never extended to Bell, but the State contends an offer never existed.

In its written order, the PCR court found Bell proved trial counsel was ineffective by failing to communicate the plea offer to him before the jury's verdict. First, the PCR court found "a plea offer was made by the State and that [c]ounsel failed to communicate the plea offer to [Bell]." Second, the PCR court found Bell's testimony that he would have accepted the plea offer had he known about it was credible. Third, the PCR court found the difference between the sentence Bell received, twenty years, and the plea offer, ten years, was proof of prejudice. Further, the PCR court found Bell established prejudice by his own testimony "and by the circumstances of the case." Finally, the PCR court found "[t]here is a reasonable probability that, but for this error of [c]ounsel, the result to [Bell] would have been different."

As a remedy, the PCR court found, "as did the Davie[2] Court, ... that the appropriate remedy is to grant PCR and send the case back to [the trial c]ourt for [Bell] to be resentenced as if he had accepted the ten (10) year offer." Accordingly, the PCR court vacated Bell's twenty-year sentence and remanded the matter for a resentencing hearing "on

---

2. *Davie v. State*, 381 S.C. 601, 675 S.E.2d 416 (2009).

the plea offer of ten years."[3] The State filed a Rule 59(e), SCRCP, motion to alter or amend, which the PCR court denied. The State's petition for certiorari followed.

## ISSUE

Did the PCR court err in finding trial counsel was ineffective for failing to communicate the plea offer to Bell?

## STANDARD OF REVIEW

■■■■ Upon appellate review, this court gives great deference to the PCR court's findings of fact and conclusions of law. *Dempsey v. State*, 363 S.C. 365, 368, 610 S.E.2d 812, 814 (2005). This court also "gives great deference to a PCR [court's] findings where matters of credibility are involved." *Simuel v. State*, 390 S.C. 267, 270, 701 S.E.2d 738, 739 (2010). "In reviewing the PCR court's decision, an appellate court is concerned only with whether any evidence of probative value exists to support that decision." *Davie*, 381 S.C. at 608, 675 S.E.2d at 420. "This [c]ourt will uphold the findings of the PCR court when there is any evidence of probative value to support them, and [it] will reverse the decision of the PCR court when it is controlled by an error of law." *Id.*

## LAW/ANALYSIS

■■■ The State argues the PCR court erred in finding trial counsel was ineffective for failing to communicate the plea offer because Bell presented no evidence an enforceable plea offer existed. The State maintains the trial court did not appropriately consider the solicitor's comments disavowing the plea offer during the sentencing portion of the trial. Bell argues the State conceded the plea offer was never extended to him, and its only argument is with the credibility of the evidence that the plea offer ever existed.

■■■ A defendant has the right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution. *Strickland v. Washington*, 466 U.S. 668, 685–86, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Our supreme court has also held "a defendant has the right to effective assistance of counsel during the plea bargaining process." *Davie*, 381 S.C.

---

3. The State did not appeal the PCR court's order as to the mandated remedy.

at 607, 675 S.E.2d at 419. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S.Ct. at 1408; *see also Davie*, 381 S.C. at 609, 675 S.E.2d at 420 (2009) (adopting "rule that counsel's failure to convey a plea offer constitutes deficient performance").

"In a PCR proceeding, the applicant bears the burden of establishing that he or she is entitled to relief." *Davie*, 381 S.C. at 607, 675 S.E.2d at 419. "The [applicant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The PCR court in this case relied on *Davie* in finding Bell's counsel was ineffective. In *Davie*, counsel testified the State mailed him a written plea offer while he was in the process of changing his address. 381 S.C. at 606, 675 S.E.2d at 419. He testified he did not receive the offer until after the expiration of the offer, and if he had been aware of it, he would have communicated it to Davie. *Id.* Davie pled guilty to numerous charges without negotiation or recommendation from the State other than the dismissal of other charges that would have made him eligible for a sentence of life imprisonment without the possibility parole. *Id.* at 605, 675 S.E.2d at 418. He was sentenced to twenty-seven years in prison. *Id.* The supreme court found "plea counsel's failure to convey the State's initial plea offer to [Davie] constituted deficient performance." *Id.* at 610, 675 S.E.2d at 421. The court further found,

> Even if counsel is given the benefit of the doubt that he was not aware of the plea offer until after the expiration date, we find counsel was deficient in not objecting at the plea hearing. During the plea hearing, the solicitor informed the circuit court judge that "[t]he original plea offer in this matter has not been accepted by the due date of September 11th of this year, and so we told the defendant we were ready to go to trial." In view of the solicitor's statement, it was incumbent upon plea counsel to object or in some way indicate to the court that he had no knowledge of the

original plea offer. Had counsel done so, he might have been able to convince the solicitor to reinstate this plea offer or persuade the circuit court judge to impose a fifteen-year sentence. Because counsel failed to make any attempt to protect Petitioner's interests regarding this significantly lower sentence, we conclude counsel's performance fell below the prevailing professional norms and, thus, constituted deficient performance.

*Id.* at 610–11, 675 S.E.2d at 421.

During sentencing, Bell's counsel stated, "I would like to point out that in this case he was offered to plead to the minimum of 10 years. . . ." The solicitor responded, "He was not offered to plead the minimum[,] and the offer has nothing to do with this. There are no . . . plea offers in this case." The solicitor also stated, "I just want to reiterate, I have never tendered a plea offer on this case." Bell's trial counsel responded, "I disagree." The trial judge stated, "We are not going to argue, it is my job to sentence."

We acknowledge the State's argument that the solicitor's comments during the sentencing hearing were entitled to consideration. *See Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). However, we are mindful of our standard of review, and we find evidence to support the PCR court's decision that trial counsel was ineffective for failing to extend the plea offer. *See Davie*, 381 S.C. at 608, 675 S.E.2d at 420 ("In reviewing the PCR court's decision, an appellate court is concerned only with whether any evidence of probative value exists to support that decision."). In this case, trial counsel testified Bell's file contained a note indicating the solicitor made an offer of ten years imprisonment. Bell testified he did not know anything about a plea offer until his sentencing. First, the PCR court found "that a plea offer was made by the State and that [c]ounsel failed to communicate the plea offer to [Bell]." The court concluded trial counsel's performance was deficient. We find evidence of probative value in the record to support that finding.

■ Once an applicant proves counsel's performance was deficient, the applicant generally must show actual prejudice.

*Id.* In determining prejudice for counsel's failure to convey a plea offer, the supreme court advocated "a case-by-case approach ... of assessing whether but for counsel's deficient performance a defendant would have accepted the State's proposed plea bargain and that he would have benefited from the offer." *Id.* at 613, 675 S.E.2d at 422. Noting "presumed prejudice is reserved to very limited situations," the supreme court in *Davie* acknowledged Davie had to show actual prejudice. *Id.* However, the court stated, "it is not always necessary for a[n applicant] to offer objective evidence to support a claim of actual prejudice. Instead, depending on the facts of the case, a[n applicant's] self-serving statement may be sufficient to establish actual prejudice." *Id.* The supreme court concluded the difference in the sentence Davie received and the plea offer was proof of prejudice. *Id.* at 614, 675 S.E.2d at 423. In support of its conclusion, the *Davie* court noted,

> First, the solicitor and plea counsel both acknowledged that the State originally offered a fifteen-year sentence in exchange for [the applicant's] guilty plea. Secondly, plea counsel admitted that he failed to communicate this offer to [the applicant]. Thirdly, both plea counsel and [the applicant] testified that had this offer been communicated[, the applicant] would have accepted the plea agreement. Finally, had [the applicant] accepted the original offer, he would have received a significantly lower sentence than the twenty-seven-year sentence that was imposed.

*Id.* In this case, trial counsel testified the plea offer was for ten years imprisonment. Bell was sentenced to twenty years' imprisonment. The difference is evidence of his prejudice. *See id.* (concluding the difference in the sentence received and the plea offer was proof of prejudice). Furthermore, Bell testified he would have taken the State's plea offer had trial counsel told him about it, and the PCR court found Bell's testimony credible. Although self-serving, the statement is also evidence supporting the PCR court's finding of prejudice. *See id.* at 613, 675 S.E.2d at 422 ("[D]epending on the facts of the case, a defendant's self-serving statement may be sufficient to establish actual prejudice."). Deferring credibility matters to the PCR court, we find evidence to support the finding. *See Simuel,* 390 S.C. at 270, 701 S.E.2d at 739 ("This

[c]ourt gives great deference to a PCR judge's findings where matters of credibility are involved.").

## CONCLUSION

Based on the foregoing analysis, the PCR court's order is **AFFIRMED.**

HUFF and KONDUROS, JJ., concur.