**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services,
Respondent,

v.

Tiffany Lowery, David Thomas, and John Doe,

Of whom Tiffany Lowery is the Appellant.

In the interest of minor children under the age of eighteen.

Appellate Case No. 2013-002581

———————————

Appeal From Darlington County
Paul W. Garfinkel, Family Court Judge

———————————

Unpublished Opinion No. 2014-UP-474
Submitted December 8, 2014 – Filed December 16, 2014

———————————

**REVERSED AND REMANDED**

———————————

Melvin Wayne Cockrell, III, of Cockrell Law Firm, P.C., of Chesterfield; Cody Tarlton Mitchell, of Auman Law Firm, LLC, of Hartsville; and Matthew A. Abee, of Nelson Mullins Riley & Scarborough, LLP, of Columbia, all for Appellant.

Delton W. Powers, Jr., of Powers Law Firm, P.C., of
Bennettsville, for Respondent.

Robbie Forrester Gardner, III, of Rob F. Gardner, III,
P.C., of Hartsville, for the children's Guardian ad Litem.

---

**PER CURIAM:**  This appeal arises from the termination of parental rights (TPR) of Tiffany Lowery (Mother) to her three minor children.   The family court terminated Mother's parental rights after finding clear and convincing evidence (1) the children lived outside Mother's home for over six months and Mother failed to remedy the conditions causing their removal; (2) the children lived outside Mother's home for over six months and Mother failed to support them; and (3) the children were in foster care for fifteen of the most recent twenty-two months before the TPR hearing.   Additionally, the family court found TPR was in the children's best interests.

Mother's attorney originally submitted an affidavit pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987), stating he reviewed the hearing transcript and determined the appeal was without merit and requesting to be relieved as counsel.  This court denied counsel's request to be relieved and directed the parties to brief (1) whether the family court erred in allowing Mother's guardian ad litem (GAL) to be excused from the final TPR hearing and (2) whether the family court erred in allowing Mother's attorney to be excused from the final TPR hearing.  *See S.C. Dep't of Soc. Servs. v. Tiffany L.*, S.C. Ct. App. Order dated May 23, 2014. We reverse and remand for a new TPR hearing.

"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014). "Thus, this [c]ourt has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence; however, this broad scope of review does not require the [c]ourt to disregard the findings of the family court, which is in a superior position to make credibility determinations." *Id.*

We find the family court's TPR order is defective because it erroneously adjudicated a mentally incompetent parent's rights without the parent being represented by a GAL. *See Cumbie v. Cumbie*, 245 S.C. 107, 112, 139 S.E.2d 477, 480 (1964) ("It is the duty of the court, as well as that of the guardian ad litem and his attorney, to see that the rights of minors and incompetents are protected.");

*Rouvet v. Rouvet*, 388 S.C. 301, 311, 696 S.E.2d 204, 209 (Ct. App. 2010) ("Where a court adjudicates the rights of a person who is not mentally competent without appointing a [GAL], any judgment rendered by the court adverse to the person who is not competent is defective."). On March 21, 2013, the family court issued an order finding Mother "mentally incompetent" and appointing an attorney and a GAL to represent her. Although the family court appointed Mother an attorney and a GAL who represented her throughout the case and who were prepared to represent her at the TPR hearing, it excused Mother's attorney and GAL at the beginning of the TPR hearing after Mother did not appear. Because Mother's GAL was not present for, and did not represent her interests at, the TPR hearing, we find the family court's September 12, 2013 order terminating Mother's parental rights was defective. *See id.* Accordingly, we reverse the family court's TPR finding and remand for a new TPR hearing.

Additionally, we find that even if Mother had been represented by her court-appointed counsel at the TPR hearing, legal representation would not have cured the defect in the family court's judgment created by the absence of Mother's GAL. *See S.C. Dep't of Soc. Servs. v. McDow*, 276 S.C. 509, 511, 280 S.E.2d 208, 209 (1981) (explaining adequate legal representation for an incompetent person in a legal proceeding does not cure the defect created when the incompetent person's rights are adjudicated without the family court appointing a GAL to represent her).[1]

Based on the foregoing, the decision of the family court is

**REVERSED AND REMANDED.**[2]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] In *McDow*, our supreme court interpreted an incompetent Mother's rights under section 15-3-310 of the South Carolina Code (repealed). Rule 17(c), SCRCP, "retains the principal provisions of . . . [section] 15-3-310." Rule 17(c), SCRCP cmt.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.