**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Leon Chisolm, James Roosevelt Chisolm, Doris C. Fladger, Robert Chisolm, Florence Chisolm, Alice C. Jenkins, Sadie Y. McDonald, Martha Pryor, Patricia Millian, Margaret E. Warren, Andrew K. Chisolm, Edrina L. Wilson, Carl Chisolm, Lawrence Chisolm, Roosevelt Chisolm, II, Louis Chisolm, Eddie Chisolm, Leroy Chisolm, and Tommy Chisolm, Respondents,

v.

Mary Frances S. Chisolm, William Chisolm, Emily C. Campbell, Debra C. Murphy, Allie C. Frazier, Cora C. Brown, Cordell Chisolm, Charles Chisolm, Jr., Phillip Chisolm, Anthony Chisolm, David Chisolm, Leonard Chisolm, and Levy Chisolm, Appellants.

Appellate Case No. 2016-001197

———————

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

———————

Unpublished Opinion No. 2019-UP-212
Submitted May 1, 2019 – Filed June 12, 2019

———————

**AFFIRMED**

———————

Willie Bruce Heyward, of Heirs Property Law Center, LLC, of Charleston, for Appellants.

Barry I. Baker and Kyle T. Varner, both of Baker & Varner, LLC; and Harold Alan Oberman, of Oberman & Oberman, all of Charleston, for Respondents.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 60(b), SCRCP ("On motion and upon such terms as are just, the [master] may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[, SCRCP]; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."); *Rouvet v. Rouvet*, 388 S.C. 301, 308, 696 S.E.2d 204, 207 (Ct. App. 2010) ("The decision to grant or deny a motion made pursuant to Rule 60(b) is within the sound discretion of the [master]."); *id.* ("The appellate standard of review is limited to determining whether there was an abuse of discretion."); *id.* ("An abuse of discretion occurs when the order of the [master] is controlled by an error of law or whe[n] the order is based on factual findings that are without evidentiary support."); *Tench v. S.C. Dep't of Educ.*, 347 S.C. 117, 121, 553 S.E.2d 451, 453 (2001) ("A party may not invoke this rule whe[n] it could have pursued the issue[s] on appeal."); *Sadisco of Greenville, Inc. v. Greenville Cty. Bd. of Zoning Appeals*, 340 S.C. 57, 59, 530 S.E.2d 383, 384 (2000) (noting a Rule 60(b) motion is not a substitute for a timely appeal).

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.