**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christopher Eric Russell, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2017-002256

---

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-405
Submitted November 1, 2021 – Filed November 17, 2021

---

**AFFIRMED**

---

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Megan Harrigan
Jameson, both of Columbia, for Petitioner.

Deputy Chief Appellate Defender Wanda H. Carter, of
Columbia, for Respondent.

---

**PER CURIAM:** The State appeals the post-conviction relief (PCR) court's order denying its Rule 60(b)(1), SCRCP, motion. On appeal, the State argues the PCR court abused its discretion because the corrected trial transcript showed a defect with the original transcript and the only remaining evidence to support granting

relief was Christopher Eric Russell's own self-serving testimony.  We find the PCR court did not abuse its discretion in denying the State's motion because the corrected transcript does not dispositively indicate trial counsel conveyed the twenty-year plea offer to Russell, Russell testified he did not receive the twenty-year plea offer, and the PCR court found his testimony credible. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: Rule 60(b)(1), SCRCP ("On motion and upon such terms as are just, the [PCR] court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . [a] mistake, inadvertence, surprise, or excusable neglect . . . ."); *Rouvet v. Rouvet*, 388 S.C. 301, 308, 696 S.E.2d 204, 207 (Ct. App. 2010) ("The decision to grant or deny a motion made pursuant to Rule 60(b) is within the sound discretion of the [PCR court]."); *Mangal v. State*, 421 S.C. 85, 92, 805 S.E.2d 568, 571 (2017) ("On review of a PCR court's resolution of procedural questions arising under . . . the South Carolina Rules of Civil Procedure, we apply an abuse of discretion standard."); *Rouvet*, 388 S.C. at 308, 696 S.E.2d at 207 ("An abuse of discretion occurs when the order of the [PCR] court is controlled by an error of law or where the order is based on factual findings that are without evidentiary support."); *id.* at 309, 696 S.E.2d at 208 ("In determining whether to grant relief under Rule 60(b)(1), the court must consider the following factors: '(1) the promptness with which relief is sought; (2) the reasons for the failure to act promptly; (3) the existence of a meritorious defense; and (4) the prejudice to the other party.'" (quoting *Mictronics, Inc. v. S.C. Dep't of Revenue*, 345 S.C. 506, 510-11, 548 S.E.2d 223, 226 (Ct. App. 2001))); *Thompson v. State*, 423 S.C. 235, 247, 814 S.E.2d 487, 493 (2018) (explaining this court defers to "the PCR court's credibility findings as to witnesses who testified before the PCR court"); *Jackson v. State*, 342 S.C. 95, 97-98, 535 S.E.2d 926, 927 (2000) (reversing the PCR court's denial of relief when counsel failed to properly advise the petitioner about whether the crime was a misdemeanor or felony, the petitioner testified he would not have pled guilty had he known the crime was a felony, and "there was no evidence contradicting or conflicting with petitioner's testimony that would support the PCR [court's] finding that petitioner would not have pled"); *Bell v. State*, 410 S.C. 436, 440-44, 765 S.E.2d 4, 6-8 (Ct. App. 2014) (acknowledging Bell's testimony was self-serving but noting this court defers to the PCR court's findings on credibility), *overruled on other grounds by Smalls v. State*, 422 S.C. 174, 181 n.2, 810 S.E.2d 836, 839 n.2 (2018).

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**HUFF, THOMAS, and GEATHERS, JJ., concur.**